390 A.2d 1321

COMMONWEALTH of Pennsylvania ex rel. Edwin
BIELAT, Appellee,

v.

Kenneth E. BIELAT, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 15, 1977.

Decided July 12, 1978.

Randall D. Chapman, Bradford, for appellant.

Lee C. Fuller, Erie, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This case involves the involuntary commitment of appellant to Warren State Hospital under the Mental Health Procedures Act, Act of July 9, 1976, P. L. 817, No. 143, § 101 *et seq.*, 50 P.S. § 7101 *et seq.* What occurred before the lower court is not clear from the record, and we have no opinion from the lower court. However, the chronology is as follows:

On October 23, 1976, appellant voluntarily admitted himself to Hamot Community Mental Health Center. On November 10 appellant executed a 72-hour notice of intention to leave Hamot, but someone named Edwin Bielat, whose identity is not further indicated in the record, petitioned the Erie County Court of Common Pleas for appellant's involuntary commitment. Lee C. Fuller, Esquire, a Mental Health Review Officer, was directed to conduct a hearing on the petition. On November 11 a hearing was commenced but was adjourned to—and concluded on—November 24. On November 30 the review officer's report and recommendation that appellant be committed to Warren State Hospital was filed, and the lower court filed an order that read:

> November 30, 1976 after hearing and consideration the Court finds Kenneth Bielat mentally ill, accordingly the Court orders that Kenneth Bielat be committed to Warren State Hospital for further care and treatment. For the Court. s/Edward H. Carney, Judge.

The record includes appellant's petition for review, dated December 8, 1976, raising various exceptions to the procedure at the mental health review officer's hearing, and asking for a review hearing pursuant to § 303(g) of the Act, 50 P.S. § 7303(g). There is also an order dated January 28, 1977, by PFADT, J., affirming the review officer's report

and recommendation. Neither the petition for review nor the January 28 order was filed until March 3, 1977, the reason for the delay being unexplained.

■ Our Prothonotary's office has been informed that appellant was discharged from Warren State Hospital in February, 1977. However, appellant wishes to proceed with the appeal, and he may, for it is not moot. *See Commonwealth v. Walker*, 447 Pa. 146, 288 A.2d 741 (1972) (appeal will be decided even though appellant in a criminal case has died pending appeal); *and see Wolfe v. Beal*, 477 Pa. 472, 384 A.2d 1187 (1978) (records of person unlawfully committed to state mental hospital may be expunged).

In his petition for review appellant asked for the relief prescribed by § 7303 of the Act, *i. e.*, a hearing to review a commitment based on the mental health officer's decision. The initial petition for commitment, however, was treated as under § 7304 of the Act, which covers commitments of 20 to 90 days. As we read § 7304, it requires a court order before a person may be committed; although a hearing may be held before a mental health review officer, § 7304(e)(6), only a judge may order the commitment (this is different from § 7303, under which, for shorter periods of commitment, a mental health review officer may order a person committed, subject to reversal on petition to the court of common pleas, § 7303(g)); also, the judge must order the commitment within 48 hours of the close of the hearing, § 7304(e)(7).

■ In.this case, there was such a lower court order, the one entered November 30, 1976, although it was not within 48 hours of the close of the hearing. The meaning of this order is unclear in the light of the later, January 28, 1977, order, adopting the recommendation of the mental health review officer's report. Under other circumstances, we should be tempted to accept the November 30 order as the one required by § 7304(e)(6), even though it was a few days late, and proceed to the merits of this appeal. However,

since appellant is not now committed there is not as much need for a speedy decision as there otherwise might be. We shall therefore remand the case to the lower court for explanation of the uncertainties in the record, and for consideration of the questions raised in appellant's petition for review, which we treat as exceptions, on which the lower court has not yet given us the benefit of its opinion. An explanation by the lower court is additionally important because no one appears willing to represent an appellee's position on appeal. This court has received a letter from the Erie County Solicitor's Office (copy to the Office of Mental Health and Mental Retardation) and another from a deputy attorney general of the Commonwealth, stating the opinion that the County, or the Commonwealth, is not a proper party-appellee.

Remanded for further proceedings consistent with this opinion.

HOFFMAN, J., would transfer this case to Commonwealth Court.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.