422 A.2d 1140

**In re Commitment of Shirley CHAMBERS.**

**Appeal of Shirley CHAMBERS.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Feb. 15, 1980.

Charles B. Coleman, Reading, Assistant Public Defender, for appellant.

Brett A. Huckabee, Reading, for appellee.

Before VAN der VOORT, HESTER and WIEAND,* JJ.

* Judge DONALD E. WIEAND is sitting by special designation.

HESTER, Judge:

Presently before the court is the appeal of Shirley Chambers from the order dated August 28, 1978 for her involuntary treatment pursuant to Section 304 of the *Mental Health Procedures Act.*[1]

For the reason that the "order" appealed from was issued by the Mental Health Review Officer and not by the lower court, we conclude that this matter is not presently ripe for appellate disposition and therefore remand to the lower court for action consistent with this opinion.

Initially, we note that Section 742 of the Judicial Code vests the Superior Court with exclusive appellate jurisdiction of all appeals from *final orders* of the courts of common pleas. (Emphasis added). 42 Pa.C.S.A. § 742, 1976, July 9, P.L. 586, No. 142, § 2 eff. June 27, 1978. This jurisdictional provision is substantially a reenactment of the jurisdictional provision provided in the *Appellate Court Jurisdiction Act of 1970*; Act of July 31, 1970 (No. 223), § 302, 17 P.S. § 211.302.

Appellant raises two issues: First, appellant claims that the issuance of a commitment order pursuant to Section 304 of the *Mental Health Procedures Act* (M.H.P.A.) by the County Mental Health Review Officer was improper; and second, the County Mental Health Review Officer erred in considering evidence at the 304 hearing which had been presented at the prior Section 303 hearing without same being reestablished.

Because we find that pursuant to the M.H.P.A., the County Mental Health Review Officer may not issue a Section 304 commitment order, we conclude that the instant appeal is not ripe for appellate disposition and therefore we need not address ourselves to the evidentiary second issue raised on appeal.

Section 109 of the M.H.P.A. provides for the introduction of an attorney into a County Mental Health System whose

1. Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, No. 143, § 101 et seq., 50 P.S. § 7101 et seq.

function is to serve as a "Mental Health Review Officer". Section 109 provides, *inter alia* :

> § 7109.  Mental health review officer
>
> (a) Legal proceedings concerning extended involuntary emergency treatment under section 303(c), court–ordered involuntary treatment under section 304 or 305 or transfer hearings under section 306, may be conducted by a judge of the court of common pleas or by a mental health review officer authorized by the court to conduct the proceedings
> . . . .
>
> (b) In all cases in which the hearing is conducted by a mental health review officer, a person made subject to treatment shall have the right to petition the court of common pleas for review of the *certification*. . . .   (Emphasis added).

*Section 303* of the M.H.P.A. provides that the judge or mental health review officer may *certify* a person for extended involuntary emergency treatment for a period *not to exceed 20 days*.  Section 303 specifically delineates the judge or mental health review officer's right to *"certify"* that a person is severely mentally disabled and therefore in need of continued involuntary treatment for a period not to exceed 20 days (50 P.S. § 7303(c)).

Subsection (g) of Section 303 provides, *inter alia* :

> (g) Petition to Common Pleas Court.  In all cases in which the hearing was conducted by a mental health review officer, a person made subject to treatment pursuant to this section shall have the right to petition the court of common pleas for review of the *certification*. . . .   (Emphasis added).

However, *Section 304* of the M.H.P.A. which deals with court ordered involuntary treatment which may not exceed *90 days*, adopts a different procedure than that which is provided for in *Section 303* above.  While a Section 304 hearing may similarly be conducted by a judge or a mental health review officer (50 P.S. § 7304(e)(6)), the only way a person may be involuntarily committed for a period *not to*

*exceed 90 days* is by *"an order"*, and not by a "certification" as is provided for in Section 303.

Section 304(f) provides in relevant part:

(f) Determination and Order.–Upon a finding by clear and convincing evidence that the person is severely mentally disabled and in need of treatment and subject to subsection (a), *an order* shall be entered directing treatment of the person in an approved facility as as inpatient or an outpatient. . . . (Emphasis added).

Therefore, we are faced with the threshold question of whether a mental health review officer may issue *an order* pursuant to *Section 304* of the M.H.P.A. as was done in the case at bar; which order *is or may be* considered a *final order of the Court of Common Pleas.* (See Section 742 of the Judicial Code above quoted).

We conclude that the mental health review officer is the equivalent of a master; he may make recommendations upon which the court may act; he may issue certifications upon which the court may respond by thereafter issuing a court order, and he may serve the judicial system within each county, within limitations, as the court of that county may so designate. However, the mental health review officer is not a judge, or the equivalent of a judge, of the Court of Common Pleas. It therefore logically follows that he may not issue a "final order" from which an appeal may lie to this forum.

We concur with the dicta found in *Com. ex rel. Bielat v. Bielat*, 257 Pa.Super. 446, 448, 390 A.2d 1321, 1322 (1978):

. . . As we read § 7304, it requires a court order before a person may be committed; although a hearing may be held before a mental health review officer, § 7304(e)(6), only a judge may order the commitment (this is different from § 7303, under which, for shorter periods of commitment, a mental health review officer may order a person committed, subject to reversal on petition to the court of common pleas, § 7303(g); also, the judge must order the commitment within 48 hours of the close of the hearing § 7304(e)(7).

We therefore conclude that the "order" dated August 28, 1978 issued by the Mental Health Review Officer and not by a judge of the Court of Common Pleas, does not constitute a final appealable order. We therefore remand to the Court of Common Pleas of Berks County with directions that a final appealable order be entered.

Remanded for further proceedings consistent with this opinion.

WIEAND, J., files a concurring and dissenting statement.

WIEAND, Judge, concurring and dissenting:

I agree fully with Judge Hester's able analysis. However, because the present commitment proceedings are incomplete, if not incorrect, I would not permit appellant's continued incarceration by virtue thereof. Instead, I would order that she be discharged pending proper commitment proceedings.