422 A.2d 831

**In re Commitment of C. Andrew BISHOP.**

**Appeal of C. Andrew BISHOP.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed July 3, 1980.

Charles B. Coleman, Assistant Public Defender, Reading, for appellant.

Terry D. Weiler, Reading, for Mental Health Review Office, participating party.

Before HESTER, HOFFMAN and CATANIA,* JJ.

PER CURIAM:

Appellant C. Andrew Bishop brings this appeal from a decision by a Mental Health Review Officer requiring involuntary treatment of appellant for a time not to exceed 90 days. Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, No. 143, § 101 et seq. (50 P.S. § 7101 et seq.). Because we conclude the appeal is not properly before us, we remand for further proceedings.

* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

On November 14, 1978, a petition was filed by one Richard B. Kline with the Court of Common Pleas of Berks County requesting court-ordered involuntary treatment of appellant under § 304 of the Act (50 P.S. § 7304). A hearing was held on November 17, 1978 before a Mental Health Review Officer, following which the officer ordered involuntary out–patient treatment for a period not to exceed 90 days. This appeal followed.

■ In *Commonwealth ex rel. Bielat v. Bielat*, 257 Pa.Super. 446, 390 A.2d 1321 (1978), we stated:

As we read [50 P.S.] § 7304, it requires a court order before a person may be committed; although a hearing may be held before a mental health review officer, § 7304(e)(6), only a judge may order the commitment (this is different from § 7303, under which, for shorter periods of commitment, a mental health review officer may order a person committed, subject to reversal on petition to the court of common pleas, § 703(g)); also, the judge must order the commitment within 48 hours of the close of the hearing. § 703(e)(7).

id., 257 Pa.Super. at 448, 390 A.2d at 1332.

Here, no order of court was ever issued in regards to the commitment. The "order" of the hearing officer directing that appellant be committed was not an "order of court" as contemplated by § 7304.

■ This Court generally has authority to review only final orders of the courts of common pleas. Judicial Code, 42 Pa.C.S.A. § 742; cf. Pa.R.App.P. 341. This is a jurisdictional requisite, *Adoption of G.M.*, 484 Pa. 24, 398 A.2d 642 (1979), thus allowing the Court to raise sua sponte the question of whether a final order has been appealed from. *Williams v. Williams*, 253 Pa.Super. 444, 385 A.2d 422 (1978); *Mac Kanick v. Rubin*, 244 Pa.Super. 467, 368 A.2d 815 (1976). We conclude the decision of the mental health review officer herein is not a final appealable order, and will therefore remand this appeal to the court below for entry of an

70

appropriate order. See 50 P.S. § 7304. Accord, *Commitment of Chambers,* 282 Pa.Super. 327, 422 A.2d 1140 (1980).

Remanded for further proceedings consistent herewith.

HOFFMAN, J., files a dissenting statement.

HOFFMAN, Judge, dissenting:

I agree with the majority that because the common pleas court has not entered a final order in this case, we do not have jurisdiction. I disagree, however, with the majority's decision to remand the case for entry of an appropriate order. Because our jurisdiction has not been perfected, the proper disposition of the case would be to quash the appeal. Accordingly, I respectfully dissent.