Julia S. Yezerski, Appellant *v.* John Fong, Individually and as Superintendent, Haverford State Hospital et al., Appellees.

Argued March 4, 1981, before President Judge CRUMLISH, and Judges WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Penelope A. Boyd,* with her *Gail M. Whitaker,* for appellant.

*Nicholas J. Emper,* with him *Murray S. Eckell, Eckell, Sparks, Vadino, Auerbach and Monte,* and *John S. J. Brooks* and *Stanley Slipakoff,.* Deputy Attorneys General, for appellees.

OPINION BY JUDGE CRAIG, April 22, 1981:

Appellant instituted this action in July 1978 by filing a petition in equity in the Court of Common Pleas of Delaware County, which requests, *inter alia,* (1) declarations that the involuntary emergency commitments of her on June 13 and July 5, 1978 were invalid, because not complying with the Mental Health Procedures Act (MHPA)[1] and violative of her right to due process under the state and federal constitutions, and also requests (2) an order requiring the destruction of the state hospital records generated by those commitments.

The trial court dismissed appellant's petition, sustaining a preliminary objection on the ground that, because this court has exclusive original jurisdiction over Commonwealth agencies such as a state hospital, pursuant to 42 Pa. C. S. §761(a)(1), the common pleas court had no jurisdiction to grant the requested order of destruction, characterized by the court as the "ultimate" relief sought. The appeal was first taken to the Superior Court, which transferred the case to us upon appellees' motion.

The court's conclusion that it could not issue such an order against the hospital director is correct, *Wolfe v. Beal,* 23 Pa. Commonwealth Ct. 475, 353 A.2d 481 (1976), *rev'd. on other grounds,* 477 Pa. 477, 384 A.2d 1187 (1978); however, that does not compel the conclusion that the court had *no* jurisdiction over the case brought to it.

---

[1] Act of July 9, 1976, P. L. 817, *as amended,* 50 P.S. §7101 *et seq.*

We reiterate that which our Supreme Court recited in *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 77, 209 A.2d 802, 804-5 (1965):

> In *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A.2d 566, we stated the principles which are here applicable, namely that even though a plaintiff had no standing to bring his action, even though his complaint be demurrable, even though he failed to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of *the general class* to which the case presented for its consideration belonged,—whether the court had power to *enter upon the inquiry,* not whether it might ultimately decide that it was unable to grant the relief sought *in the particular case.* . . .
> (Emphasis in original.)

Thus the relevant question is not whether the trial court could have or should have granted an order of destruction, but is, rather, whether the court had the power to inquire into the general class to which the case presented belonged, *i.e.,* cases of commitments ordered pursuant to the MHPA.

Section 113 of the MHPA, 50 P.S. §7113, provides that "[a]ctions requesting damages, declaratory judgment, injunction, mandamus, writs of prohibition, habeas corpus, including challenges to the legality of detention or degree of restraint, and any other remedies or relief granted by law may be maintained in order to protect and effectuate the rights granted under this

act."[2] Although Section 113 does not articulate a specific forum for the maintenance of such actions, the MHPA elsewhere provides the common pleas courts with jurisdiction of cases under it, as in the filing of petitions and applications for commitment or review in those courts under Sections 303, 304 and 305, 50 P.S. §§7303, 7304, and 7305, and under Sections 401 through 408, 50 P.S. §§7401-7408, addressing commitment while charged with or sentenced for crime. That the common pleas courts have power to inquire into the general class of "cases under the MHPA" is thus established.

The course appellant seeks to follow, to have commitments declared to be invalid and then to have the records destroyed, under *Wolf v. Beal*, 477 Pa. 477, 384 A.2d 1187 (1978), involves a bifurcated proceeding: first in the common pleas court to adjudicate the questions within its power; then, if successful there, an original proceeding against the hospital and its officers within this court's original jurisdiction. *See* this court's opinion in *Wolfe v. Beal*, 23 Pa. Commonwealth Ct. 475, 353 A.2d 481 (1976).

Thus, even though the court could not grant appellant the "ultimate" relief of ordering destruction of records, that incapacity has no bearing on the court's jurisdiction over the alleged invalidity of the commitments. In *Wolfe, supra,* the same situation was

---

[2] We note that the heading of Section 113 and its first sentence refer to rights of persons *in treatment;* that language does not appear in the second sentence, which we quoted above. Although that language might arguably be interpreted to limit the availability of those remedies to persons currently committed or otherwise "in treatment", such a construction would conflict with the principle which appears clearly in the Supreme Court's opinion in *Wolfe, supra*, and in the Superior Court's opinion in *Commonwealth ex rel. Bielat v. Bielat*, 257 Pa. Superior Ct. 446, 390 A.2d 1321 (1978), that discharge from commitment does not of itself moot challenges to the validity of commitment.

presented to the trial court, which adjudicated the questions within its jurisdiction and dismissed Wolfe's petition only insofar as it sought the destruction of hospital records. That course should have been followed here.

Because appellant sought declaratory relief, with the destruction of records as an apparently ancillary remedy, a specific petition for declaratory judgment might have been more appropriate than a petition in equity; however, as the court stated in *West Homestead Borough School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 117-18, 269 A. 2d 904, 906-07 (1970):

> We have no separate court of equity; the Court of Common Pleas provides both legal and equitable remedies. For adminitrative purposes, there may be two 'sides' to the Court, but they are both part of the same Court. If, for example, the plaintiff erroneously chooses the 'equity side' instead of the 'law side,' Civil Procedure Rule 1509(c) requires the Court to transfer the action to the 'law side' of the Court. No question of 'jurisdiction' is involved. 'Equity' and 'law' are merely forms of action, which are used in the same Common Pleas Court.[3]

---

[3] Declaratory judgment actions are currently governed by Pa. R.C.P. No. 1601 which provides that the practice and procedure in a declaratory judgment proceeding shall follow the rules governing equity actions, and Pa. R.C.P. No. 1602 which provides that proceedings for declaratory relief ancillary to other proceedings shall follow the rules governing such other proceeding; thus, despite the arguably greater propriety of a petition for declaratory judgment in circumstances such as these, the proceeding would now be as in equity in any event. As the comment to Pa. R.C.P. No. 1602 points out, "[i]f the declaratory relief is simply one item of relief sought in an equity action, there should be little problem since the equity rules provide the basic procedure for declaratory relief under Rule 1601(a)."

572

Accordingly, we reverse the dismissal of appellant's petition except insofar as it applies to the requested destruction of hospital records, and we remand for further proceedings.

ORDER

AND Now, April 22, 1981, the July 19, 1978 order of the Court of Common Pleas of Delaware County at No. 78-12209 is reversed, except insofar as it dismisses the request for destruction of state hospital records, in which respect it is affirmed, and this case is remanded for further proceedings.

Judge WILKINSON, JR. did not participate in the decision in this case.