J-E01002-18 & J-E01003-18

2018 PA Super 283

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
            v.                       :
                                  :
KEITH FIELDS                      :
                                  :
          Appellant            :       No. 1069 WDA 2016

Appeal from the Judgment of Sentence April 5, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004803-2012,
CP-02-CR-0004806-2012


COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                  :
            v.                       :
                                  :
GERALD HOWARD DAVIS, JR.       :
                                  :
         Appellant            :       No. 445 WDA 2016

Appeal from the Judgment of Sentence February 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004831-2012,
CP-02-CR-0004834-2012


BEFORE:  BENDER, P.J.E., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON,
       J., STABILE, J., DUBOW, J., KUNSELMAN, J., and MURRAY, J.

OPINION IN SUPPORT OF REVERSAL BY OLSON, J.:
                                       FILED OCTOBER 17, 2018

I agree with the learned Majority that section 9543 of the Post Conviction Relief Act ("PCRA") does not implicate the PCRA courts' jurisdiction and, therefore, we must overrule Commonwealth v. Ahlborn, 683 A.2d 632 (Pa. Super. 1996) (en banc), aff'd, 699 A.2d 718 (Pa. 1997). I would

conclude, however, that Appellants preserved their appellate arguments and, under a proper reading of section 9543, are entitled to relief. Hence, I respectfully concur in part and dissent in part.

As the learned Majority notes, Appellants argue that the PCRA courts lacked jurisdiction to grant relief as to the counts on which their original sentences had already been served, or on which they had received no further penalty. Majority Opinion, ante at 5. In support of this argument, Appellants cite to 42 Pa. C.S.A. § 9543(a)(1)(i).[1] I agree with the Majority's conclusion that section 9543 does not deal with a PCRA court's jurisdiction. Thus, as this Court held in Ahlborn that section 9543(a)(1)(i) must be met in order to confer jurisdiction upon the PCRA court, that decision must be overruled. I write separately, however, as I believe it is important to clarify

_____

[1] Section 9543(a)(1)(i) of the PCRA, provides:

> (a) General Rule.—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa. C.S.A. § 9543(a)(1)(i) (emphasis added).

what the eligibility requirements in section 9543 do implicate and why I believe that Appellants are entitled to relief.

In my view, the eligibility requirements do not implicate the PCRA courts' jurisdiction, nor do they implicate the petitioners' standing to bring a PCRA petition. I conclude that the eligibility requirements in section 9543 correspond more closely with the concept of judicial power. Judicial power is inextricably linked to eligibility requirements such that the PCRA court lacks the judicial power to alter sentences that have already been served.

In order to understand why I believe that section 9543 implicates a court's power, and not its jurisdiction nor a litigant's standing, it is necessary to understand the distinction between the three doctrines. "The distinction between standing, . . . subject matter jurisdiction, and judicial power is sometimes subtle; however, it is important." Grimm v. Grimm, 149 A.3d 77, 83 (Pa. Super. 2016), appeal denied, 169 A.3d 25 (Pa. 2017) (citation omitted).

"The doctrine of standing . . . is a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been aggrieved." Commonwealth, Office of Governor v. Donahue, 98 A.3d 1223, 1229 (Pa. 2014) (cleaned up). In Pennsylvania, "whether a party has standing to maintain an action is not a jurisdictional question." In re

Adoption of Z.S.H.G., 34 A.3d 1283, 1289 (Pa. Super. 2011) (per curiam) (cleaned up).[2] Thus, an issue relating to standing is subject to waiver. See In re Estate of Brown, 30 A.3d 1200, 1204 (Pa. Super. 2011) (citation omitted).

Subject matter jurisdiction "relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs." Green Acres Rehab. & Nursing Ctr. v. Sullivan, 113 A.3d 1261, 1268 (Pa. Super. 2015) (citation omitted). "Subject matter jurisdiction is not susceptible to waiver." Commonwealth v. Jones, 929 A.2d 205, 208 (Pa. 2007) (cleaned up).

"[Judicial authority or p]ower, on the other hand, means the ability of a decision-making body to order or effect a certain result." Michael G. Lutz Lodge No. 5, of Fraternal Order of Police v. City of Philadelphia, 129 A.3d 1221, 1225 n.4 (Pa. 2015) (citation omitted). A litigant can waive a challenge to a trial court or administrative body's power to issue an order or decree. See Riedel v. Human Relations Comm'n of City of Reading, 739 A.2d 121, 124–125 (Pa. 1999).

_____

[2] In other jurisdictions, standing is a jurisdictional question. E.g., Nebraska ex rel. Reed v. Nebraska, Game & Parks Comm'n, 773 N.W.2d 349, 352 (Neb. 2009) (citations omitted); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 110 (1998).

Having set forth the differences between standing, subject matter jurisdiction, and judicial power, I turn to why this Court's holding in Ahlborn was incorrect. In Ahlborn, this Court stated,

> the issue upon which we granted en banc review . . . required us to determine the point in time (filing or hearing date) at which a petitioner satisfies the "currently serving" requirement of the PCRA. This requirement must be met in order to confer upon a court jurisdiction to hear a PCRA petition.

Ahlborn, 683 A.2d at 637 (emphasis in original). The en banc panel in Ahlborn held, using emphasis, that section 9543 is jurisdictional.[3] I believe that that holding is wrong.

It is undisputed that the courts of common pleas may decide this general class of cases, i.e., PCRA petitions. 42 Pa.C.S.A. § 9545(a); see Green Acres, 113 A.3d at 1268; Office of Disciplinary Counsel v. Jepsen, 787 A.2d 420, 422 n.2 (Pa. 2002). Hence, section 9543 is not a jurisdictional requirement.

This conclusion is consistent with general principles of Pennsylvania statutory interpretation. It is well-settled that "[t]he headings prefixed to titles, parts, articles, chapters, sections[,] and other divisions of a statute shall not be considered to control but may be used to aid in the construction

---

[3] Although our Supreme Court affirmed this Court's decision in Ahlborn, it did not decide whether section 9543 was jurisdictional in nature. The words "jurisdiction" and "standing" do not appear in our Supreme Court's decision. Thus, our Supreme Court's Ahlborn decision is not binding with respect to this issue.

thereof." 1 Pa.C.S.A. § 1924. The heading for section 9545 is "Jurisdiction and proceedings." 42 Pa.C.S.A. § 9545. As the learned Majority noted, if our General Assembly intended for the serving a sentence requirement to be jurisdictional in nature, it would have logically included that provision in section 9545. See Majority Opinion, ante at 7. Instead, it included that requirement in section 9543, the heading for which is "Eligibility for relief." 42 Pa.C.S.A. § 9543. This differentiation in terms indicates that our General Assembly intended to strip courts of jurisdiction when a petitioner fails to satisfy section 9545's requirements; however, it did not intend to strip a court of jurisdiction when a petitioner fails to satisfy the requirements of section 9543.[4] Therefore, this Court must explicitly overrule Ahlborn.

Moreover, section 9543 does not implicate standing. When properly construed, the eligibility requirements found in section 9543 more closely correlate to the concept of judicial power than standing. Pursuant to the traditional concept of standing, Appellants clearly have standing to pursue their claims. Appellants have a direct interest in this judicial matter because they have been "adversely affected . . . by the matter [they] seek[] to challenge." Donahue, 98 A.3d at 1229. Specifically, the judgments of sentence they challenged in their PCRA petitions adversely affected

_____

[4] Moreover, Ahlborn's reliance on federal jurisdictional principles was misguided. Federal constitutional, statutory, and common law treat many limitations as jurisdictional in nature. See, e.g., note 2 supra. Jurisdictional bars in Pennsylvania are rarer than they are in the federal system.

Appellants. That is the only traditional requirement necessary for standing under Pennsylvania law.

My conclusion that section 9543 does not implicate standing is further supported when the entirety of section 9543 is considered. The "currently serving a sentence" requirement appears at section 9543(a)(1). Section 9543 includes a second eligibility requirement, section 9543(a)(2). That section requires a petitioner to plead and prove that he or she is entitled to relief for one of several reasons including, inter alia, that he or she received an illegal sentence or that he or she entered an involuntary guilty plea. See 42 Pa.C.S.A. § 9543(a)(2). If a petitioner advanced a meritless illegal sentencing claim or challenge to a guilty plea, we would not say that the petitioner lacked standing. Instead, we would say that the petitioner is not entitled to relief because he or she failed to satisfy the PCRA's eligibility requirements.

The doctrines of standing, subject matter jurisdiction, and judicial power are intertwined. Standing and subject matter jurisdiction are prerequisites to a trial court having the judicial power to issue a decision. See Donahue, 98 A.3d at 1247 ("a party seeking to invoke judicial power must ordinarily demonstrate that it has standing"); In re Sheriff's Excess Proceeds Litig., 98 A.3d 706, 721 (Pa. Cmwlth. 2014) ("without subject matter jurisdiction, a court is precluded from exercising its judicial power"). This, however, does not imply that a court considering a dispute over which it has subject matter jurisdiction, and which the plaintiff has standing to pursue, can exercise

unlimited judicial power. In other words, standing and subject matter jurisdiction are necessary, but insufficient, prerequisites for a court to exercise its judicial power.

In this case, the necessary prerequisites for judicial power, i.e., jurisdiction and standing, are present. Nonetheless, section 9543 makes petitioners ineligible for relief if they were not currently serving a sentence or waiting to serve a sentence. See Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015), appeal denied, 125 A.3d 1201 (Pa. 2015). I find persuasive the explanation of the en banc Commonwealth Court as to why such a limitation implicates a court's power. In Commonwealth, Office of Open Records v. Ctr. Twp., 95 A.3d 354 (Pa. Cmwlth. 2014) (en banc), the Commonwealth Court held that the Office of Open Records had both jurisdiction and the power to effectuate a certain result. It explained, however, that it is possible for an administrative agency to have subject matter jurisdiction over a dispute but lack the power to grant relief if the participant is ineligible for relief. Id. at 362-363 (collecting cases).

One of those collected cases was Delaware River Port Auth. v. Pa. Pub. Util. Comm'n, 182 A.2d 682 (Pa. 1962). In that case, our Supreme Court held that the Public Utility Commission had subject matter jurisdiction over the allocation of costs resulting from construction of crossings; however, it lacked the power to award relocation costs to non-transportation utilities because our General Assembly had not granted it such power. Id. at 686;

see also *Yezerski v. Fong*, 428 A.2d 736, 737 (Pa. Cmwlth. 1981) (trial court had jurisdiction to consider cases under the Mental Health Procedures Act; however, it lacked the power to order certain relief sought by a litigant).

The same rationale applies in the present circumstances. Appellants had standing to file their petitions and the PCRA courts had jurisdiction to consider the petitions; however, the PCRA courts lacked the judicial power to grant Appellants relief in certain respects. Appellants were not serving a judgment of sentence, or waiting to serve a judgment of sentence, for offenses that the PCRA courts "granted relief on," i.e., vacated. Our General Assembly has not conferred on courts the power to grant relief in such instances. Hence, the PCRA courts lacked the judicial power to vacate those judgments of sentence.

Having explained why section 9543(a) implicates a trial court's power, I turn to the learned Majority's waiver analysis. A litigant can waive an issue related to a court's power. *Riedel*, 739 A.2d at 124–125. Nonetheless, I disagree with my learned colleagues' conclusion that Appellants waived their challenges to the PCRA courts' orders vacating their judgments of sentence. Contrary to the representations made by the Majority, the PCRA courts' orders vacating Appellants' judgments of sentence became final after resentencing. See Fields PCRA Order, 4/5/16 2:37 p.m., at 1 (resolving all claims included in Fields' PCRA petition); Davis PCRA Order, 2/19/16 2:42 p.m., at 1 (resolving all claims included in Davis' PCRA petition); N.T., 4/5/17, at 2

(noting that Fields' resentencing hearing occurred in the morning); Davis Sentencing Order, 2/19/16, at 1 (indicating that Davis' resentencing hearing occurred prior to 10:03 a.m. that day); see also Pa.R.A.P. 341(b)(1) (final order must dispose of all claims). Our Supreme Court has held that "the law does not demand the accomplishment of the impossible." Hogg v. Muir, 119 A.2d 53, 54 (Pa. 1956). In this case, it was impossible for Appellants to appeal the PCRA orders prior to resentencing.[5]

Moreover, even though Appellants did not expressly argue that section 9543 of the PCRA implicates a PCRA court's judicial authority, Pennsylvania Rules of Appellate Procedure 2116(a) and/or 2119(a) do not require a finding of waiver.[6] In Erie Ins. Exch. v. Bristol, 160 A.3d 123 (Pa. 2017) (per curiam), our Supreme Court extended the scope of an allocatur grant to include what date the statute of limitations period commenced. Dissenting, Justice Wecht noted that throughout the litigation before this Court, the

_____

[5] It was also impossible for Appellants to object to the PCRA courts' power to vacate their judgments of sentence for those offenses for which they were not serving a judgment of sentence, or waiting to serve a judgment of sentence, because the final PCRA orders were not entered until after they were resentenced. Moreover, post-sentence motions are only necessary to preserve weight of the evidence and discretionary aspects claims.

[6] Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure provides that the statement of questions involved set forth in an appellant's brief must "state concisely the issues to be resolved. . . ." Pa.R.A.P. 2116(a). Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides that the argument section of an appellate brief shall include "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

appellant "did not dispute that the four-year limitations period commenced on the date of the accident." Id. at 126 (Wecht, J. dissenting). Chief Justice Saylor, however, explained that the Supreme Court could decide the issue for two reasons. First, the general thrust of the appellant's argument, i.e., that there was no legal need to file a complaint before a certain date, was sufficient to preserve the issue. See id. at 124 (Saylor, C.J. concurring). Second, the other party did not argue for waiver. See id. at 124-125.

The same is true in this case. First, throughout this litigation Appellants have argued that the PCRA court lacked the ability to resentence them on crimes for which they were not serving a sentence. This was sufficient to preserve the argument that the PCRA court lacked the judicial power to grant relief with respect to those judgments of sentence. Second, the Commonwealth agrees that we need to address this issue and does not advance a waiver argument. Thus, under our Supreme Court's Erie Insurance Exchange decision, Appellants did not waive their claim under Rules 2116(a) and/or 2119(a). Hence, I believe Appellants preserved their claims for appellate review and that they are entitled to relief thereon as the PCRA court lacked judicial power to alter sentences that were already served or not originally imposed.

Thus, I respectfully concur in part and dissent in part.

Judge Shogan and Judge Murray join this Opinion in Support of Reversal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/17/2018