421 A.2d 370

**In re Commitment of ANN S.**

**Appeal of ANN S.**

**Mental Health Review Officer, Participating Party.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Aug. 1, 1980.

Charles B. Coleman, Assistant Public Defender, Reading, for appellant.

Brett A. Huckabee, Reading, for Mental Health Review Officer, Participating Party.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in ordering her involuntary commitment pursuant to section 304 of the

Mental Health Procedures Act (MHPA).[1] We agree and, accordingly, reverse the order of the court below.

On March 29, 1979, appellant was involuntarily committed for emergency treatment at the Wernersville State Hospital pursuant to section 302 of the MHPA. A petition was then filed seeking appellant's extended involuntary commitment pursuant to section 304 of the MHPA. On April 2, 1979, a mental health review officer held an informal hearing on the petition. Appellant was present at the hearing, represented by counsel. At the close of the hearing, the mental health review officer "ordered" appellant's involuntary commitment for a period not to exceed 90 days. Appellant then petitioned the Court of Common Pleas of Berks County for review of the commitment recommendation. On April 6, 1979, the lower court denied appellant's petition and confirmed the review officer's recommendation. Appellant then took this appeal.

Section 102 of the MHPA, entitled "Statement of policy," provides that "[t]reatment on a voluntary basis shall be preferred to involuntary treatment; and in every case, the least restrictions consistent with adequate treatment shall be employed." 50 P.S. § 7102. Under section 302 of the MHPA, severely mentally disabled persons may be submitted to involuntary emergency examination at a treatment facility. *Id.* § 7302. The duration of such emergency examination is limited by subsection 302(d) which provides:

A person who is in treatment pursuant to this section shall be discharged whenever it is determined that he is no longer in need of treatment and in any event within 120 hours, unless within such period:

(1) he is admitted to voluntary treatment pursuant to section 202 of this act; or

(2) a certificate for extended involuntary emergency treatment is filed pursuant to section 303 of this act.

1. Act of July 9, 1976, P.L. 817, No. 143, § 304 as amended by Act of November 26, 1978, P.L. 1362, No. 324, § 1; 50 P.S. § 7304.

*Id.* § 7302(d) (footnotes omitted). Section 303 of the MHPA provides for extended involuntary emergency treatment after an informal conference before a mental health review officer or a judge for a period of no more than 20 days. *Id.* § 7303. If after 20 days the patient is still in need of treatment, a court of common pleas may order involuntary commitment for a period not to exceed 90 days under section 304 of the MHPA. *Id.* § 7303(h)(2). Appellant herein contends that it was improper to commit her under section 304 without first proceeding under the less restrictive provisions of section 303.[2] We agree.

■ Both the express language and the structure of the MHPA support appellant's contention. Section 302 specifically provides that the patient *must* be discharged at the expiration of the initial emergency treatment period *unless* one of two situations exists: (1) the patient submits voluntarily to treatment, or (2) a certificate is filed pursuant to section 303. These are the only courses of action authorized by the Act; no provision is made for proceeding under section 304 at this stage. Moreover, elimination of the interim step of section 303 would contravene the express policy of the MHPA favoring lesser over greater intrusions upon a patient's liberty. Finally, the structure of the MHPA evidences a legislative intent to create a treatment scheme under which the patient's procedural protections expand progressively as the deprivation of his liberty gradually increases. This step–by–step progression would be disrupted were we to permit parties to bypass interim emergency treatment under section 303 and to proceed directly to the more lengthy commitment period under section 304.

2. Although the 90 day commitment period ordered by the lower court has expired, this appeal is not moot. Appeals from orders for involuntary commitment rarely reach this Court within 90 days. Were we to dismiss such appeals as moot, the challenged procedure could continue, yet its propriety would evade our review. Accordingly, we will reach the merits of this case. *See Janet D. v. Carros,* 240 Pa.Super. 291, 310, 362 A.2d 1060, 1069 (1976) (citing *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973); *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911)). *See also Commonwealth ex rel. Bielat v. Bielat,* 257 Pa.Super. 446, 447, 390 A.2d 1321, 1322 (1978).

Consequently, we hold that where a patient is being treated under section 302 he may not be involuntarily committed under section 304 prior to emergency treatment under section 303. Accordingly, we reverse the order of the court below.

Order reversed and appellant discharged.