450 A.2d 136

In re Michael CONDRY—Section 303.

Appeal of Michael CONDRY.

Superior Court of Pennsylvania.

Submitted Dec. 9, 1981.
Filed Sept. 10, 1982.

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Kimberly D. Borland, Wilkes-Barre, for Mental Health, participating party.

Ralph C. S. Johnson, Wiles-Barre, for Luzerne, participating party.

Before CAVANAUGH, McEWEN and BECK, JJ.

CAVANAUGH, Judge:

This appeal is from an order entered pursuant to section 303(g) of The Mental Health Procedures Act (MHPA), Act of July 9, 1976, P.L. 817, No. 143, as amended, 50 P.S. § 7303(g), upholding the certification of a Mental Health Review Officer who committed appellant to Clarks Summit State Hospital for a period not to exceed twenty days. Because the statutory requirements were not strictly adhered to, we vacate the order in question.

■ We must first point out that although the commitment order appealed from expired long before the appeal was submitted to us, the issue of the propriety of the commitment is not moot as alleged by The Luzerne County Solicitor. As we reiterated in a recent case, appeals from involuntary commitment orders which have expired are not moot "because involuntary commitment affects an important liberty interest, and because by their nature most

involuntary commitment orders expire before appellate review is possible." *Commonwealth v. Ida Blaker,* 293 Pa.Super. 391, 393 n.1, 446 A.2d 976, 977 n.1 (1981). Furthermore, "were we to dismiss such appeals as moot, the challenged procedure could continue, yet its propriety would evade our review." *In re Ann S.,* 279 Pa.Super. 618, 621 n.2, 421 A.2d 370, 372 n.2 (1980). *See also In re S.C.,* 280 Pa.Super. 539, 421 A.2d 853 (1980); *Commonwealth ex rel. Bielat v. Bielat,* 257 Pa.Super. 446, 390 A.2d 1321 (1978).

Appellant was initially admitted to Clarks Summit State Hospital on a voluntary basis. When he indicated a desire to leave, the hospital staff initiated proceedings for emergency treatment under section 302 of the MHPA. The hospital subsequently filed a petition for involuntary commitment under section 303 of the MHPA. A hearing on that petition was held before a Mental Health Review Officer. A psychiatrist from the hospital testified that appellant suffered from schizophrenia paranoid type. He stated that appellant believed that all members of the hospital staff were Russian KGB agents or Communists and that he adjusted his behavior to protect himself from the perceived danger. He testified that appellant had refused to accept nourishment based on his belief that it had been poisoned by the suspected KGB agents. He further testified that appellant had failed to observe even the most rudimentary requirements for his personal hygiene in that he had refused to bathe, shave or change his clothes.

Following the hearing, the Mental Health Review Officer issued an order committing appellant to Clarks Summit State Hospital for a period not to exceed twenty days. Appellant filed a petition for review of that order in the court of common pleas pursuant to section 303(g) of the MHPA. Following a hearing, the lower court denied the petition, thus upholding the commitment order of The Mental Health Review Officer. This appeal was taken from the order denying the petition for review.

Appellant first alleges that the hearing held by the lower court did not comply with the requirements of section 303(g), which provides as follows:

**(g) Petition to Common Pleas Court.**—In all cases in which the hearing was conducted by a mental health review officer, a person made subject to treatment pursuant to this section shall have the right to petition the court of common pleas for review of the certification. A hearing shall be held within 72 hours after the petition is filed unless a continuance is requested by the person's counsel. *The hearing shall include a review of the certification and such evidence as the court may receive or require.* If the court determines that further involuntary treatment is necessary and that the procedures prescribed by this act have been followed, it shall deny the petition. Otherwise, the person shall be discharged.

50 P.S. § 7303(g) (emphasis added).

Appellant claims that in order to satisfy the requirements of this section, the mental health authorities must "either offer evidence in the nature of a de novo hearing, or alternatively, must offer a transcript of the hearing occurring before The Mental Health Review Officer." Appellant's brief at 6. We agree with the lower court's conclusion that this is not required by the MHPA.[1] The Act requires only that the hearing include "a review of the certification and such evidence as the court may receive or require."[2] 50 P.S. § 7303(g). The lower court in the instant case did review the certification of the Mental Health Review Offi-

1. Although the court held that the mental health authorities had no duty to produce a transcript of the proceeding before The Mental Health Review Officer, counsel for the mental health authorities testified at the court hearing that a tape recording of the proceeding was available to appellant. Appellant could have introduced the tape as evidence if he so desired.

2. The "certification" which the lower court must review is much more than a bare statement by The Mental Health Review Officer that the person in question is in need of involuntary treatment. Section 303(d) of the MHPA (50 P.S. § 7303(d)) lists the required contents of a certification as follows:

 **(d) Contents of Certification.**—A certification for extended involuntary treatment shall be made in writing upon a form adopted by the department and shall include:

cer, which contained a summary of the evidence presented at the hearing before the Review Officer. The court further indicated that it was willing to accept any additional evidence presented by either party. Appellant did, in fact, testify in his own behalf at the hearing before the lower court. Counsel for the mental health authorities indicated at the hearing that although he had no evidence to present other than the certification of The Mental Health Review Officer, he did have a doctor who had examined appellant at the hospital present in case the court or counsel for appellant wished to question him. Neither the court nor appellant chose to question the doctor. We feel that the hearing held by the lower court complied with the procedural requirements of section 303(g).

■ Appellant next claims that the certification lacked sufficient findings to allow continued commitment. We disagree. The evidence presented to the Mental Health Review Officer and summarized in the certification was sufficient to justify a finding that appellant was a clear and present danger to himself under section 301(b)(2)(i) of the MHPA (50 P.S. § 7301(b)(2)(i)) and that the least restrictive environment in which appellant could safely remain consistent with the provision of adequate treatment was as an inpatient on a closed ward at Clarks Summit State Hospital.

■ Finally, appellant alleges that the certification was insufficient in that it did not contain a description of the treatment to be provided as required by section 303(d)(2) of the MHPA (50 P.S. § 7303(d)(2)). We agree with this contention. Section 303(d), entitled "Contents of Certifica-

(1) findings by the judge or mental health review officer as to the reasons that extended involuntary emergency treatment is necessary;

(2) a description of the treatment to be provided together with an explanation of the adequacy and appropriateness of such treatment, based upon the information received at the hearing;

(3) any documents required by the provisions of section 302[2];

(4) the application as filed pursuant to section 303(a)[3];

(5) a statement that the person is represented by counsel; and

(6) an explanation of the effect of the certification, the person's right to petition the court for release under subsection (g), and the continuing right to be represented by counsel.

tion," contains a list of things which must be included in a certification. Among the list of requirements is the inclusion of "a description of the treatment to be provided together with an explanation of the adequacy and appropriateness of such treatment, based upon the information received at the hearing." 50 P.S. § 7303(d)(2). The certification in the instant case did not contain a description of the treatment to be provided. In fact, the lower court noted the absence of a description of treatment at the hearing on the petition for review. The court nevertheless found that the procedures prescribed by the MHPA had been followed.

As the Pennsylvania Supreme Court has stated, "The legislative policy reflected in The Mental Health Procedures Act is to require that strict conditions be satisfied before a court order for commitment shall be issued." *Commonwealth v. Hubert*, 494 Pa. 148, 153, 430 A.2d 1160, 1162 (1981). Thus, "strict adherence to the statutory requirements is to be compelled." *Id.*, 494 Pa. at 153, 430 A.2d at 1163. *See also Commonwealth v. Blaker, supra; In re S.C., supra.* Because the certification did not include a description of the treatment to be provided as required by the MHPA, the order of involuntary commitment must be vacated.

Order vacated.