**In re: ESTATE OF S.G.L.**

**Appeal of: S.G.L.**

Superior Court of Pennsylvania.

Argued Aug. 30, 2005.
Filed Sept. 26, 2005.
Reargument Denied Nov. 10, 2005.

C. Scott Shields, Media, for appellant.

Barbara H. Hladik, Norristown, for Montgomery County Solicitor, Participating Party.

BEFORE: KLEIN, PANELLA and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 S.G.L. appeals from an order denying her petition to review a certification of involuntary commitment pursuant to the Mental Health Procedures Act (MHPA), 50 P.S. § 7303. Because the trial court failed to conduct a sufficient hearing, we reverse.

¶ 2 S.G.L. raises three issues on appeal. First, she claims that the trial court failed to hold a hearing within 72 hours. Second, she claims that the court failed to conduct a *de novo* hearing to review the decision of the Mental Health Review Officer. Third, she claims the evidence did not meet the standards necessary for an involuntary commitment. We find that S.G.L.'s second claim, that she did not receive a *de novo* hearing, merits relief in this case. We therefore refrain from examining her other two arguments as they are moot.[1]

---

1. In her statement of questions involved, appellant additionally alleges that the trial court erred by "not allowing Appellant's counsel to have a copy of the tape from the Section 7304 hearing in advance of the Court's consider- ation of the Petition for Review." (Brief for Appellant, at 4). However, appellant fails to address this issue in the argument section of her brief, rendering it waived. *Cosner v. United Penn Bank,* 358 Pa.Super. 484, 517

¶ 3 S.G.L. claims that the trial court failed to conduct a *de novo* hearing to give counsel the opportunity to make argument and present additional evidence. We agree. Although a full *de novo* hearing need not be held, to constitute a "hearing" counsel must at least have the opportunity to make argument and offer supplemental evidence. There must be a record of what transpires. Although it was within Judge William A. Furber, Jr.'s discretion to review the entire audiotape of the Mental Health Review Hearing rather than start anew, if counsel has neither the tape, a transcript of the proceedings, or at least a summary of the Mental Health proceedings, there is no record of what took place, effectively precluding counsel from presenting evidence or argument. While the judge may not *receive* all evidence proffered, counsel should at least have a right to *proffer* the evidence, including testimony of the person being committed. In this case, the appellant was not present. Therefore, the requirement of the MHPA of at least a minimal hearing was not met.

**Facts and Procedure**

¶ 4 On September 14, 2004, S.G.L.'s mother, L.L., first filed an Application for Involuntary Emergency Examination under 50 P.S. § 7302. L.L. alleged that S.G.L. attacked her, causing a bruise on her wrist and other injuries, and that S.G.L. was a threat to herself and others. The examining physician ordered immediate commitment, and the next day, following a comprehensive mental and medical examination, Dr. Hammers diagnosed S.G.L. with chronic paranoia and schizophrenia, and prescribed the drug Risperdal, which S.G.L. refused to take.

¶ 5 An immediate petition for review was filed by counsel for S.G.L. On September 17, 2004, a hearing was held before a Mental Health Review Officer, who determined that S.G.L. presented a danger to herself and others, could not provide for her own basic needs, and that an additional twenty days' inpatient treatment was the least restrictive means of commitment.

¶ 6 On September 20, 2004, S.G.L.'s counsel filed a petition for review. However, because guardians had been appointed by a prior order declaring S.G.L. incapacitated, the judge referred the matter back to the Orphans' Court. On September 27, the Orphans' Court granted S.G.L. the right to proceed with counsel to challenge the commitment.

¶ 7 On September 27, 2004, a new petition was filed. On September 28, 2004, Judge Furber met with all counsel of record. No parties or witnesses were present. It is true that in his Pa.R.A.P. 1925(a) opinion, Judge Furber states that counsel agreed that Judge Furber would review the audiotape of the Mental Health Review Hearing of September 17, 2004 and determine whether the involuntary commitment should be affirmed. However, there is nothing in the record to show that this took place, and counsel for S.G.L. has a different recollection. On the same day, Judge Furber reviewed the tape and ruled that the commitment was appropriate. There was no testimony taken and no opportunity for any on-the-record argument by counsel.

**1. Entitlement to a Sufficient Hearing.**

¶ 8 Section 7303(g) of the MHPA, prescribing a "review of the certification" resulting in involuntary commitment, does

---

A.2d 1337, 1342 (1986). Even if she had addressed it, however, it too would be moot

in light of our disposition.

*not* require a full, *de novo* hearing. However, it does require *some* hearing. *In re T.J.*, 559 Pa. 118, 739 A.2d 478 (1999).

¶ 9 The Act provides, "The hearing shall include a review of the certification and such evidence as the court may receive or require." 50 P.S. 7303(g).

¶ 10 While it was proper for the judge to review the tape without having a whole new hearing, here S.G.L. was not present and counsel had no opportunity to present evidence. As noted in Appellant's brief, counsel would not have had, and indeed does not have, authority to waive her presence.

¶ 11 While a full *de novo* hearing need not be held, since the mental health review officer cannot enter a final order, the hearing on the review is akin to a *de novo* hearing. *T.J.*, 739 A.2d at 480. The review must be *de novo*. While the Court can review the record before the mental health review officer, the rule *does* require a "hearing," not merely a conference in chambers. For a proceeding to qualify as a hearing, there must be a record and the opportunity for counsel to make argument and at least *offer* supplemental evidence.

¶ 12 Since there was no transcript of the hearing and counsel was not given the opportunity to hear the audiotape, it becomes difficult for counsel to figure out what arguments to make and what supplemental evidence should be produced. This Court in *In re S.O. and R.T.*, 342 Pa.Super. 215, 492 A.2d 727, 735 (1985), found that in a case where defense counsel was not allowed to review audiotapes of com-

mitment proceedings prior to his client's review hearing, "patient access to whatever record has been made...is required at a minimum to comport with due process."

¶ 13 The case cited by Appellee Montgomery County not only fails to support Appellee's position, but it supports the opposite position. In *In re Condry*, 304 Pa.Super. 131, 450 A.2d 136 (1982), although this Court affirmed the procedure, the *Condry* procedure was very different, as follows:

1. There was a written summary presented of the evidence of the hearing before the Review Officer.

2. The court indicated it was willing to accept any additional evidence presented by either party.

3. Condry was present and did testify.

4. A doctor who had examined Condry was present in case counsel for Condry wanted to question him.

5. A tape recording of the proceeding was available which Condry could have introduced rather than relying on the summary.

¶ 14 *Condry* highlights the difference between a limited hearing and no hearing. In this case, there was no hearing. Because of the violation of the hearing requirement of the Act, we are constrained to reverse.[2]

## 2. Post-trial motions.

█ ¶ 15 Appellee claims that all issues are waived because no post-trial motions were filed.[3] Post-trial motions need be filed after a *trial.* This Court recently

---

**2.** We do recognize that the sheer volume of cases requires an expedited process due to the time constraints of the Act. We note that Judge Furber is a talented jurist and not only decides but also manages his cases in an exemplary fashion. However, despite the difficulties imposed by the time requirements of the Act, we still find that should a patient

make a request for procedural necessities, such as a hearing in this case, his or her request must be fulfilled in order to comport with the requirements of due process.

**3.** Appellee has also filed a separate motion to quash the instant appeal on the same basis.

held in *In re T.I.*, 854 A.2d 538, 540 (Pa.Super.2004), that post-trial motions were required for the preservation of issues following a review hearing. However, the instant case is distinguishable from *T.I.* There, rather than demand a *de novo* hearing as was the patient's right, he *chose* to submit an audiotape of the proceedings before the Mental Health Review Officer to the trial court. At his hearing, although T.I. chose not to present additional evidence or testimony other than audiotapes of his prior proceeding, he was nonetheless allowed to present arguments against his involuntary commitment.

¶ 16 Here, conversely, S.G.L. was not allowed access to the audiotapes of her proceedings, so she was limited in her ability to present a cognizable defense for her commitment review. Unlike T.I., S.G.L. had no opportunity to present an argument or additional evidence. As noted above, there was no hearing or trial, merely a conference in chambers and an order filed by the judge. Without a hearing, a record, a transcript, or other official reporting of the proceedings, it is well-nigh impossible for S.G.L.'s attorney to file proper post-trial motions. Absent at least a hearing, the rule does not require post-trial motions to be filed. Appellee's claim therefore fails.[4]

¶ 17 For the foregoing reasons, we reverse and direct the trial court to vacate the order of commitment and expunge the record of commitment.[5]

¶ 18 Order reversed.

---

4. Accordingly, appellee's motion to quash is denied.

5. Counsel for S.G.L. has filed a petition for leave to withdraw from representation, citing a disagreement over payment of legal fees.

By virtue of our disposition, counsel's petition is dismissed as moot, without prejudice to his right to petition the trial court for permission to withdraw.