449 A.2d 711

In re Robert WILSON.

**Appeal of Robert WILSON.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed Aug. 20, 1982.

Petition for Allowance of Appeal
Denied Dec. 1, 1982.

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Ralph J. Johnston, City Solicitor, Wilkes-Barre, for participating party.

Before SPAETH, BROSKY and BECK, JJ.

SPAETH, Judge:

■ This appeal is from an order recommitting appellant, a forty year old man, to in-patient psychiatric care at Danville State Hospital for thirty days. We note at the outset that although the thirty days have expired, this appeal is not moot. *See, In Re Ann S.*, 279 Pa. Superior Ct.

618, 421 A.2d 370 (1980) (dismissal of appeals from expired commitment orders as moot would result in challenged procedures evading review). However, we affirm the order of the lower court because appellant has failed to preserve any issues for our review.

Pa.R.A.P. 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.C.P. 1038(d) provides, in part, that "[m]atters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters." Rule 1038 is applicable to the trial of an action in assumpsit by a judge sitting without a jury. The rules specifically provide that other civil actions are to conform to the assumpsit rules unless a different procedure is expressly mandated. *See*, Pa.R.C.P. 1051, 1061, 1071. Insofar as there is no authority requiring a different procedure in cases involving civil commitment, we think Pa.R.C.P. 1038 is controlling. *See, In the Interest of Treva Stover*, 297 Pa. Superior Ct. 116, 443 A.2d 327 (1982); *Commonwealth ex rel. Bielat v. Bielat*, 257 Pa. Superior Ct. 446, 390 A.2d 1321 (1978).[1] In this case, appellant failed to file exceptions to the adjudication below. Consequently, no issues have been preserved for appellate review.[2]

Nevertheless, appellant is not without a remedy, for he can petition the lower court for leave to file exceptions nunc pro tunc, or he can seek review by alleging ineffective assistance of counsel for failing to file exceptions. *See, In*

1. We note that exceptions were not filed in *In Re Commitment of Ann S.*, 279 Pa.Superior Ct. 618, 421 A.2d 370 (1980). In that case, however, the question of exceptions was not reached as this court reversed the commitment order after finding that the lower court did not have jurisdiction to order commitment under section 304 of the Mental Health Act without first proceeding under the less restrictive provisions of section 303.

2. Also, counsel's brief did not include a separate Statement of Questions Involved, as required by Pa.R.A.P. 2111(a) and 2116(a), or a statement of the precise relief sought and a copy of the lower court's opinion, as required by Pa.R.A.P. 2111(a). These deficiencies might have resulted in the appeal being quashed or dismissed. Pa.R.A.P. 2101.

*Re Commitment of Donna Hutchinson,* 279 Pa. Superior Ct. 401, 421 A.2d 261 (1980).

Affirmed.