523 A.2d 1179

**COMMONWEALTH of Pennsylvania**

v.

**Donald M. WERTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted January 21, 1987.

Filed April 9, 1987.

Randolph T. Borden, Hawley, for appellant.

Ellen L. Cohen, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before BROSKY, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

This appeal is from an order of the Court of Common Pleas of Blair County, Pennsylvania, which denied a Petition of the Farview State Hospital Administration to have Appellant's further psychiatric hospitalization be in a less restricted facility.

Appellant Wertz was charged with false alarms to agencies of public safety, a misdemeanor, in June of 1983, and criminal homicide in November of 1983. These charges were consolidted and on August 24, 1984, following a hearing, the Honorable R. Bruce Brumbaugh found Wertz not guilty of all charges because of lack of criminal responsibility; Mental Health Procedures Act of July 9, 1976, codified at 50 P.S. § 7304(g)(2). The court ordered Appellant's commitment for a period of one year at Farview State Hospital.

On August 19, 1985, Farview State Hospital petitioned the trial court to recommit Appellant, pursuant to section 305 of the Mental Health Procedures Act of 1976, 50 P.S. § 7305. On October 17, 1985, after a hearing, the trial court granted Farview's petition for recommitment, but denied the petition for transfer to a less secure facility. This appeal followed which raises the sole issue of whether the trial court erred in denying the petition to transfer the Appellant to a less restrictive facility. The Appellant respectfully requests that This Honorable Court reverse the decision of the Court of Common Pleas of Blair County rendered on October 17, 1985 and enter an Order transferring Appellant to Mayview Hospital. The Appellee maintains that the appeal is moot because Appellant has had a subsequent annual recommitment hearing and has been recommitted to Farview, therefore the relief he is presently seeking from the October 17, 1985 order, namely to be committed to a less secure facility for the period from August 24, 1985 to August 23, 1986 cannot be granted. However, since the record in this case contains no Motion for Post-Trial Relief, we find the issue raised by the Appel-

lant to be waived and we decline to reach the merits of these arguments.

■ Pa.R.A.P. 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pursuant to Pa.R.C.P. 227.1, post-trial relief may not be granted unless the grounds in support of such motion are specified and *filed* within ten days after adjudication. Rule 227.1 is applicable to a decision in the case of judge sitting without a jury. The decision to deny the request of Farview State Hospital to transfer the Appellant to Mayview State Hospital was made at the conclusion of a recommitment hearing conducted pursuant to § 305(a) of the Mental Health Procedures Act of 1976, 50 P.S. § 7305(a). Section 401(a) of this act directs that "whenever a person who is charged with a crime, or who is undergoing sentence, is or becomes severely mentally disabled, proceedings may be instituted for examination and treatment under the civil provisions of this act in the same manner as if he were not so charged." Therefore, the Appellant's commitment was a civil proceeding and likewise his recommitment hearing was a civil proceeding.

This court in *In re Wilson*, 303 Pa.Super. 326, 449 A.2d 711 (1982), noted that the Rules of Civil Procedure provide that unless a different procedure is expressly mandated, all civil proceedings are to conform to the rules relating to a civil action. More specifically, *In re Wilson*, held that the Rules of Civil Procedure are applicable to cases involving civil commitments, and as such in order to preserve issues for appellate review, timely exceptions must be filed.[1]

■ Applying our holding in *In re Wilson* to the case before us in which the Appellant has been recommitted through a civil proceeding, his failure to file a Motion for Post-Trial Relief to the adjudication below pursuant to Pa.R.C.P. 227.1 has resulted in a waiver of the issue raised for appellate review. Order affirmed.

1. Pa.R.C.P. 1038(d) which was cited in *In re Wilson* was rescinded on October 19, 1983, effective January 1, 1984. See Rule 227.1 for post-trial relief following a trial without a jury.