636 A.2d 193

**In re Richard GREIST,**

**Appeal of Richard GREIST.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1993.

Filed Jan. 14, 1994.

Theodore Q. Thompson, Ambler, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., West Chester, for Com. participating party.

Before OLSZEWSKI, JOHNSON and HUDOCK, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order involuntarily committing appellant, Richard Greist ["Greist"], to Norristown State Hospital ["Hospital"]. For the reasons stated below, we quash this appeal as untimely.

Greist brutally slayed his wife and attempted to kill two other family members in 1978. After a bench trial, Greist was found not guilty by reason of insanity. The court thereafter ordered Greist to serve a one-year involuntary commitment for psychiatric treatment in Hospital pursuant to the Mental Health Procedures Act, 50 Pa.S.A. § 7304. Since the Act allows for involuntary commitments not in excess of one year in cases where a murder charge underlies the commitment, *id.* at § 7304(g)(2), Hospital and the Commonwealth have petitioned the court yearly to maintain Greist's commitment, contending that his "condition continues to evidence a clear and present danger to himself and others." *Id.* at § 7304(a)(2).

In their most recent petition, filed on May 2, 1991, Hospital and the Commonwealth again alleged that Greist's condition poses serious danger to the community, and requested continued in-patient treatment.[1] The trial court entered an order on September 4, 1991, granting the joint petition. On September 17, Greist filed a "Motion for Reconsideration," contending that the evidence supporting the trial court's order was insufficient under *Commonwealth v. Helms,* 352 Pa.Super. 65, 506 A.2d 1384 (1986), because it did not establish a "reasonable probability" that the activity for which Greist was originally prosecuted was likely to recur. On October 18, the trial court held a hearing, and entered an order denying the petition on

1. Hospital and the Commonwealth differed in certain aspects of the commitment which are not relevant here. Hospital felt that Greist's condition, while serious, was in a degree of remission and warranting "off-ground" privileges, supervised by hospital personnel at a ratio of one supervisor for every ten patients. The trial court rejected this position in favor of the Commonwealth's assertion that continued one-on-one supervision was necessary any time Greist left Hospital grounds.

November 4, 1991. On December 4, Greist filed a notice of appeal, challenging the propriety of the September 4 order.

The Commonwealth immediately filed a motion to quash this appeal. We denied the motion without prejudice, leaving the ultimate decision to the assigned panel. The issue is therefore ripe for disposition and we now address it. The Commonwealth contends that filing a motion for reconsideration does *not* toll the mandatory 30–day period within which a litigant must file a notice of appeal from a final order; thus, Greist's attempt to appeal the September 4 order on December 4 was untimely. We agree.

In order to preserve the right to appeal from an order which finally adjudicates a dispute between litigants, it is beyond question that the appeal must be filed within 30 days of the date of the order. Pa.R.A.P. 903(a). The 30–day period must be construed strictly. *Commonwealth v. Hottinger*, 370 Pa.Super. 527, 537 A.2d 1 (1987), *alloc. denied*, 520 Pa. 614, 554 A.2d 507 (1988). This Court has no jurisdiction to excuse a failure to file a timely notice. *Thermo–Guard v. Cochran*, 408 Pa.Super. 54, 596 A.2d 188 (1991). Moreover, it is well-settled that while a trial court maintains jurisdiction to reconsider an order for up to 30 days even where an appeal has been filed, Pa.R.A.P., Rule 1701(b)(3), 42 Pa.C.S.A., merely filing a motion for reconsideration will not toll the appeal period. *Luckenbaugh v. Shearer*, 362 Pa.Super. 9, 523 A.2d 399 (1987) (*en banc* ), *alloc. denied*, 518 Pa. 626, 541 A.2d 1138 (1988); *Justice v. Justice*, 417 Pa.Super. 581, 612 A.2d 1354 (1992), *alloc. denied*, 533 Pa. 635, 621 A.2d 581 (1993); *Valentine v. Wroten*, 397 Pa.Super. 526, 580 A.2d 757 (1990), *alloc. denied*, 527 Pa. 650, 593 A.2d 422 (1991).

A comment to Pa.R.A.P. 1701 explains that although a notice of appeal will have no effect if reconsideration is eventually granted, it is necessary to preserve the right to appeal if reconsideration is denied:

Subdivision (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the trial court

[ ... ] to grant reconsideration if the action is taken during the applicable appeal period [ ... ] and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by the taking of a "snap" appeal. *The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc.* If the application lacks merit the trial court [ ... ] may deny the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period.

Pa.R.A.P. 1701, Explanatory Note (emphasis added).

This procedure was exemplified in *Valentine v. Wroten, supra.* There, appellant wished to challenge the trial court's custody order, filing a notice of appeal and a motion for reconsideration. Although the trial judge did not rule on the motion within the 30–day period after the order, he did issue to appellee a rule to show cause why reconsideration should not be granted. This caused appellant to withdraw his notice of appeal. We held that the issuance of the rule to show cause was not a grant of reconsideration and thus did not toll the appeal period:

> The fact that the trial court established a briefing schedule, hearing date and issued a rule to show cause did not amount to an agreement to reconsider. Rule 1701 is very clear. Even though an appeal has been filed, a trial court may, within thirty days of the final appealable order expressly grant reconsideration. If the trial court expressly grants reconsideration, it has extended the time for decision. As we said in *Luckenbaugh:*
>
> > A judgment entered in a contested proceeding which ends the litigation must either be appealed within thirty days or the trial court must expressly grant reconsideration within thirty days from the entry of the judgment [order]. Pa.R.A.P. 1701, 42 Pa.C.S.A. *See: Luckenbaugh, id.,* at 523 A.2d 401.

*Valentine,* 397 Pa.Super. at 528, 580 A.2d at 758 (brackets original). Since appellant withdrew the notice of appeal he filed within 30 days after the order, we were constrained to quash the appeal.

■ Here, we must reach the same result. Although the trial court scheduled a hearing for the motion to reconsider— and subsequently addressed it—its failure to expressly grant reconsideration within 30 days rendered the commitment order final. Since Greist filed no ˝notice of appeal within this time, we must quash this appeal as untimely.

■ Both Greist and the trial court urge that Greist's issues are preserved under authority of *In re Wilson,* 303 Pa.Super. 326, 449 A.2d 711 (1982). In *Wilson,* a panel of this Court held that a party who appeals an order requiring civil commitment must file exceptions to the trial court's decision in order to preserve issues for review.[2] Here, the question is not whether Greist preserved issues by properly raising them below, but whether he preserved his right to appeal in the first place. By filing a motion to reconsider which was denied, he did not.

■ Furthermore, we note that the trial court held that Greist's "post-trial procedure is adequate to preserve his issues for appellate review," trial court opinion at 3, n. 1, which indicates to us that the trial court may have intended to treat the "motion for reconsideration" as an untimely post-trial motion.[3] We cannot condone this procedure. We have clearly stated that we will not review a trial court's decision to

**2.** *Wilson* was decided before post-trial practice was redefined by Pa. R.C.P., Rule 227.1, 42 Pa.C.S.A., in 1984. Rule 227.1 no longer requires litigants in non-jury trials to file exceptions to the trial court's decision, but rather he or she must file a post-trial motion within 10 days of the order. We are confident that *Wilson* is still applicable law, requiring parties in civil commitment cases to follow the post-trial practice prescribed in Rule 227.1.

**3.** Although neither Greist nor the trial court elaborate, it appears that if the trial court properly treated the "motion for reconsideration" as an untimely post-trial motion, then the appeal period would have begun on the date of the denial of the motion, November 4, 1991, rendering the December 4 notice of appeal timely.

194

address untimely post-trial motions on the merits if the opposing party has not objected. *Millard v. Nagle,* 402 Pa.Super. 376, 587 A.2d 10 (1991), *aff'd,* 533 Pa. 410, 625 A.2d 641 (1993). Implicit in this policy, however, is a sense of fairness which must allow the opposing party an awareness that the aggrieved party is, in fact, asking the court to address post-trial motions. Here, it was Greist who chose to file, three days after the period within which he was required to file post-trial motions, a document explicitly titled a "motion for reconsideration." By doing so and by failing to file a notice of appeal, Greist ran the risk, under well-established procedure, of losing his right to appeal if the motion was denied.

The appeal is quashed.