854 A.2d 538 (2004)
In re: T.I.
Appeal of: T.I.
Superior Court of Pennsylvania.
Submitted September 22, 2003.
Filed July 6, 2004.
*539 Molly M. Rhodes, York, for appellant.
Jeffrey C. Marshall, York, for appellee.
Before: JOHNSON, BOWES, and MONTEMURO,[*] JJ.
JOHNSON, J.
¶ 1 T.I. challenges the sufficiency of the evidence on which the Mental Health Review Officer (MHRO) committed him for twenty days under the Mental Health Procedures Act, 50 P.S. §§ 7301-7306 (hereinafter, "MHPA §§ 301-306"). Specifically, T.I. challenges the MHRO's finding, by clear and convincing evidence, that he presented a clear and present danger to himself. T.I. also challenges the ruling by the court of common pleas denying his petition for review. Although we are sensitive to T.I.'s argument, we find that T.I.'s failure to file post-trial motions following the trial court's denial of his challenge to the MHRO's determination precludes our review of the merits of his appeal. Thus, we must quash his appeal.
¶ 2 On March 20, 2003, T.I. was committed to York Hospital under MHPA § 302, on the petition of his probation officer. On March 25, 2003, a hearing was held before an MHRO concerning a pending petition to commit T.I. for twenty days under MHPA § 303. T.I. was represented by the York County Public Defender's Office. Arguing in favor of T.I.'s commitment was John Bracher, attorney for the York/Adams Mental Health-Mental Retardation Program (MH-MR). At the hearing, the MHRO heard testimony from T.I.'s current parole officer, April Billet Barclay, his attending physician, Dr. Kravitz, and T.I.'s public defender on unrelated matters, Suzanne Smith. After receiving this testimony, *540 the MHRO granted the petition on the basis that, while T.I. did not pose a direct threat to himself, the evidence suggested a strong likelihood that his conduct would provoke threatening behavior in others; the evidence strongly suggested that this already had occurred on more than one occasion.
¶ 3 Following the MHRO's adverse determination, T.I. sought review in the court of common pleas as provided by MHPA § 303(g). There, rather than demand a full de novo hearing, T.I. submitted to the court an audio recording of the proceedings before the MHRO and the record of those proceedings. After review, the court of common pleas denied T.I.'s petition for review. This appeal followed.
¶ 4 We cannot reach the merits of T.I.'s appeal, however, unless we find reason to reject MH-MR's contention that T.I. waived his right to raise any issue on appeal because he failed to file a post-trial motion challenging the court of common pleas' determination. Brief for Appellee at 4. Citing our decision in In re Greist, 431 Pa.Super. 188, 636 A.2d 193 (1994), MH-MR asserts that this omission precludes our review and thus requires us to quash T.I.'s appeal. Although not on the basis of Greist, we agree with MH-MR.
¶ 5 Greist itself is irrelevant; the only language in that case that bears on the question of waiver is dictum found in a footnote, see 636 A.2d at 196 n. 2, which does not bind us. See Zummo v. Zummo, 394 Pa.Super. 30, 574 A.2d 1130, 1143 (1990) ("[Dictum] is entitled to no precedential effect, and only so much persuasive authority as its reasoning may compel." (emphasis in original)). Instead, we begin our review with two more relevant cases to examine whether T.I.'s assertions of error are waived. See Commonwealth v. Wertz, 362 Pa.Super. 255, 523 A.2d 1179 (1987); In re Wilson, 303 Pa.Super. 326, 449 A.2d 711 (1982).
¶ 6 In Wilson, we declared that a mental health commitment proceeding in the trial court was an action by a judge sitting without a jury under Pa.R.C.P. 1038. See 449 A.2d at 712. Thus, in that case, we applied Rule 1038(d), which, following a bench trial, required a party seeking to preserve issues for appeal to file exceptions stating grounds for relief. See id. We held that by failing to file exceptions following a commitment proceeding, the appellant had not preserved any issues for appeal. See id.
¶ 7 Civil Rule 1038(d) was rescinded soon after we decided Wilson. The Rules of Civil Procedure now require parties seeking post-trial relief following a trial without a jury to follow the requirements of Pa.R.C.P. 227.1. See Wertz, 523 A.2d at 1181 n. 1. In order to preserve issues for appeal from civil proceedings, Rule 227.1 requires a party to file post-trial motions within ten days after
(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.
Pa.R.C.P. 227.1(c). (Although the change is immaterial to our disposition of this case, we note that Pa.R.C.P. 227.1(c)(2) has been amended, effective 7/1/04, to remove the words "or adjudication" from the rule's text). "Grounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review." Chalkey v. Roush, 569 Pa. 462, 805 A.2d 491, 494 (2002) (citing Pa.R.C.P. 227.1(b)(2)). In Wertz, we adapted Wilson's rationale to the new rule, and held that by failing to file a motion for post-trial relief following a mental health commitment hearing, as required by Pa.R.C.P. *541 227.1, the appellant had not preserved any issues for appeal.
This court in In re Wilson, 303 Pa.Super. 326, 449 A.2d 711 (1982), noted that the Rules of Civil Procedure provide that unless a different procedure is expressly mandated, all civil proceedings are to conform to the rules relating to a civil action. More specifically, In re Wilson, held that the Rules of Civil Procedure are applicable to cases involving civil commitments, and as such in order to preserve issues for appellate review, timely exceptions must be filed.[1]
Applying our holding in In re Wilson to the case before us in which the Appellant has been recommitted through a civil proceeding, his failure to file a Motion for Post-Trial Relief to the adjudication below pursuant to Pa.R.C.P. 227.1 has resulted in a waiver of the issue raised for appellate review.
Wertz, 523 A.2d at 1180-81.
¶ 8 The only arguable basis for distinguishing this case from Wilson and Wertz inheres in the fact that in this case, the court of common pleas, rather than hold an actual hearing, accepted T.I.'s submission of the audio recording of the MHRO hearing and the record developed below for purposes of review. Thus, we turn now to the question whether T.I.'s decision not to request a full hearing before the court of common pleas on review of the MHRO's commitment order sufficiently distinguishes this case from those discussed above to obviate the requirement of post-trial motions to preserve issues for appeal. MHPA § 303(g) (Petition to Common Pleas Court) envisages a great deal of flexibility in the presentation of the evidence to the court of common pleas on review of an MHRO's determination that a party should be committed against his will.
In all cases in which the hearing was conducted by a mental health review officer, a person made subject to treatment pursuant to this section shall have the right to petition the court of common pleas for review of the certification. A hearing shall be held within 72 hours after the petition is filed unless a continuance is requested by the person's counsel. The hearing shall include a review of the certification and such evidence as the court may receive or require.
MHPA § 303(g); see In re Condry, 304 Pa.Super. 131, 450 A.2d 136, 138 (1982) (holding that MHPA § 303(g) requires neither the taking of evidence in the nature of a de novo hearing, nor the submission of the transcript of the MHRO hearing, but "only such evidence as the court may receive or require"). While the statute acknowledges the different ways in which evidence might (or might not) be presented to the court of common pleas on review under MHPA § 303, nothing in the statute suggests that differing methods of taking or reviewing evidence in the court of common pleas create a legally operative distinction in the nature of the disposition of a petitioner's challenge. Thus, we are left with Wilson's observation that an MHPA § 303 proceeding is an action "by a judge sitting without a jury," 449 A.2d at 712, and Wertz's holding that "unless a different procedure is expressly mandated, all civil proceedings are to conform to the rules relating to a civil action." 523 A.2d at 1181. Indeed, the above observations are reinforced by our related holdings in the context of hearings that proceed on a record submitted pursuant to the stipulation of all parties.
It has long been the law of this Commonwealth that an appeal does not lie *542 from a decision of a trial court following the submission of a case on stipulated facts. The decision of the trial court under these circumstances is considered to be similar to a verdict in a jury trial from which the aggrieved party must file a motion for post-trial relief pursuant to Pa.R.Civ.P. Rule 227.1, in order to preserve disputed issues for appellate review. Those issues not raised in a motion for post-trial relief following a trial on an agreed stipulation of facts are deemed waived.
McCormick v. Northeastern Bank, 522 Pa. 251, 561 A.2d 328, 330 (1989) (internal citations omitted).
¶ 9 More recently, our Supreme Court has spoken even more forcefully in effective support of its ruling in McCormick. In Chalkey, 805 A.2d 491, the Court considered whether an appeal should be quashed for failure to file post-trial motions where the appellant contended that the trial court's failure to enter a decree nisi under Pa.R.C.P. 1517(a) rendered the underlying judgment final and directly appealable. See id. at 493-94 & n. 5. First, the Court noted that it adopted Pa.R.C.P. 227.1 through 227.4 "to establish uniform procedures for post-trial relief in actions at law and equity, and actions tried with or without a jury." Id. at 494 (citing Pa.R.C.P. 227.1, Comment (1983)). Rule 227.1 serves "to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." Id. at 494 n. 9 (citing Pa.R.C.P. 227.1, Comment 1.b (1995)).
¶ 10 The Court acknowledged that the decisions this Court relied on in declining to find the issues waived for failure to file post-trial motions appeared on their faces to support the Superior Court's result. See id. at 495-96. Those cases were decided under Pa.R.C.P. 1517 and 1518.
In rescinding Rule 1518 and replacing it with Rule 227.1, however, [the Supreme Court] intended to abolish that equity-specific practice and establish a standard post-trial practice, which applies to both actions at law and actions in equity. See Pa.R.C.P. 227.1 cmt. (1983). Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions. See Pa.R.C.P. 227.1(a).
Id. at 496 (underscoring added, italics in original). While the facts of Chalkey plainly differ from those before us, the Supreme Court's comments regarding its intentions in enacting Rule 227.1 are too sweeping, too unequivocal, to ignore.
¶ 11 Also urging us to read Rule 227.1 broadly is the Court's decision in Motorists Mutual Insurance Company v. Pinkerton, 574 Pa. 333, 830 A.2d 958 (2003), which presents four companion appeals involving circumstances that further inform our analysis. There, in connection with all four cases, the Supreme Court considered "whether the Superior Court erred in quashing as untimely an appeal from a declaratory judgment order entered after trial based on the fact that the appellant filed post-trial motions instead of immediately appealing the order." Id. at 959. On direct review in the first of the four cases, this Court held that the party seeking review of the trial court's decision was required to file an immediate appeal from the trial court's order following a non-jury trial on stipulated facts, and that neither was the filing of post-trial motions required nor was it sufficient to toll the thirty-day period allowed for the filing of *543 an appeal. See State Farm Fire and Cas. Co. v. Craley, 784 A.2d 781 (Pa.Super.2001). As to the remaining three cases, this Court quashed the appeals for untimeliness by reference to our ruling in the first case. See Prudential Prop. & Cas. Ins. Co. v. Hasson, 790 A.2d 348 (Pa.Super.2001) (unpublished memorandum); Motorists Mut. Ins. v. Pinkerton, 792 A.2d 625 (Pa.Super.2001) (unpublished memorandum); Homestead Ins. Co. v. Penjerdel Refrigeration Co., 1993 EDA 2001 (Pa.Super.2001) (unpublished memorandum).
¶ 12 Our Supreme Court reversed, however, holding that "because the trial court orders were entered following trials, [the parties] were specifically required under the Pennsylvania Rules of Civil Procedure to file post-trial motions." Motorists Mut. Ins. Co., 830 A.2d at 962. The Court went on to observe that the "uniform procedures" adopted in 1984 with Rules 227.1 through 227.4 "unequivocally require a party who wishes to appeal to file post-trial motions with the trial court...." Id. Referring to its decision in Chalkey, the Court noted that
[t]he venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced. Allowing parties to bypass such procedures in declaratory judgment actions would deprive the trial court of this critical gatekeeping function, while doing little to expedite appellate review. In addition, excepting declaratory judgment orders from the plain language of Rule 227.1 would unnecessarily complicate application of that rule and result in further confusion among litigants and the lower courts. Accordingly, we hold that post-trial declaratory judgment orders, just like other post-trial orders, are subject to the post-trial motion procedures in Rule 227.1.
Id. at 964. Most relevantly to our analysis, the Court also noted that this rationale applied to require precisely the same post-trial procedure even where, as in one of the cases under review, the case was tried under stipulated facts pursuant to Rule 1038.1. See id. at 964.
¶ 13 Of course, the proceeding in the case before us is not identical to a trial on stipulated facts. Whereas a trial on stipulated facts requires the judge to make a legal judgment based on fixed facts to which the parties agree, here the judgment of the trial court entails a plenary review of the proceedings before the MHRO, reviewing both questions of fact and law. See MHPA § 303(g); Condry, 450 A.2d at 138. The principal difference, however, only serves to make the instant proceeding more like a de novo trial than one conducted based on stipulated facts: here, the court of common pleas' review encompassed the factual record as well as the law.
¶ 14 Rule 227.1 also strongly suggests that post-trial motions are required to preserve issues for appeal in cases like the one at bar. The Note to Rule 227.1(c) carefully enumerates those proceedings to which the Rule's post-trial practice does not apply. Specifically, "[a] motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial." Pa.R.C.P. 227.1(c), Note. Rule 227.1 post-trial practice also does not apply "to matters governed exclusively by the rules of petition practice," and moreover is barred by Rule with respect to an order directing partition, orders concerning support, orders pertaining to custody or visitation, and final decrees of divorce based on a master's report. Id. *544 Thus, post-trial motions are neither required nor permitted with respect to challenges to pre-trial determinations (e.g., discovery, summary judgment) and in the context of family law. The case before us, however, far more closely resembles a trial on stipulated facts than it does any pre-trial matter. The very fact that the Supreme Court so carefully enumerated those determinations to which Rule 227.1 does not apply strongly suggests that a trial court's determination, following review of a comprehensive record, that an MHRO did not err in ordering involuntary commitment falls within the predominate category of civil determinations to which Rule 227.1 does apply. See Pa.R.C.P. 127 (requiring construction of the civil rules to effectuate the Supreme Court's intent in adopting them); Pa.R.C.P. 129(c) ("Exceptions expressed in a rule shall be construed to exclude all others."); Pa.R.C.P. 129, Explanatory Comment-1990 (quoting Laudenberger v. Port Auth. of Allegheny County, 496 Pa. 52, 436 A.2d 147, 151 (1981)) ("[E]xplanatory notes have not been officially adopted or promulgated by [the Supreme] Court, nor do they constitute part of the rule. However, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted.").
¶ 15 As the Supreme Court's recent decisions in Chalkey, 805 A.2d at 496 (Pa.2002) ("Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal."), and Motorists Mutual Insurance Company, 574 Pa. 333, 830 A.2d 958, make clear, the filing of post-trial motions is required in virtually all decisions stemming from a trial court's adjudication of a civil matter. The fact that T.I. waived his right to a hearing and simply submitted the record and an audio recording of the proceedings before the MHRO does not compel a different result. Indeed, there was no agreement between the parties on any material factual matter; at all times, T.I. strenuously opposed the involuntary commitment MH-MR sought. Even if neither party felt the need to adduce additional testimony or introduce evidence not already of record, nothing changed this proceeding in the trial court from the de novo hearing authorized by statute, nor did anything take from the trial judge the discretion to reevaluate the record de novo. The trial court did precisely that; thus, regardless of the form of the record submitted, the civil proceeding below fell well within the clearly articulated bounds of Pa.R.C.P. 227.1 requiring the filing of a post-trial motion to preserve issues for appeal.
¶ 16 We also note that T.I.'s counsel was contacted by this Court's Central Legal Staff at the outset of this appeal in a letter inquiring whether T.I.'s issue on appeal was waived for failure to file a post-trial motion. CLS Letter, May 12, 2003. Counsel responded as follows: "You are correct that post-trial motions were not filed to the involuntary commitment order entered by the trial court. This office has filed previous appeals involving involuntary commitments and has not filed post-trial motions. I was unaware of this requirement." Defense Letter, May 23, 2003. Counsel failed to cite any authority to support this claim regarding past practice. Even if counsel's response accurately reflects past practice, however, we note that it merely provides another example of the inconsistency and confusion surrounding post-trial motions that our Supreme Court plainly attempted to eradicate with its adoption of Pa.R.C.P. 227.1, its elimination of the distinction between bench trials and equity trials for purposes of post-trial practice, and its decisions in Chalkey and *545 Motorists Mutual Insurance Company, among others. See, e.g., Motorists Mut. Ins. Co., 830 A.2d at 962 ("[T]his Court specifically adopted Rules 227.1 through 227.4 in 1984 in an effort to establish uniform procedures for post-trial relief in actions at law and equity. Those uniform procedures unequivocally require a party who wishes to appeal to file post-trial motions with the trial court....").
¶ 17 To hold that post-trial motions are required under the MHPA only where the court of common pleas actually takes evidence rather than a record of the proceedings below would counteract the flexibility built into MHPA § 303, and breed more of the confusion our Supreme Court plainly has labored to eradicate. It also would deny the trial court its "critical gatekeeping function" of correcting its own mistakes, and "do[ ] little to expedite appellate review." See Motorists Mut. Ins. Co., 830 A.2d at 964. Moreover, sooner or later we, and ultimately our Supreme Court, would have to determine precisely how much evidence would have to be presented live before the court of common pleas on MHPA § 303 review to incur the post-trial practice of Rule 227.1. We will not set ourselves at cross-purposes with our Supreme Court's concerted and ongoing effort to simplify post-trial practice.
¶ 18 As in the vast majority of civil proceedings, a party seeking review of a court of common pleas' decision to uphold an MHRO's involuntary commitment order under the MHPA must file a post-trial motion under Pa.R.C.P. 227.1 in order to preserve his or her issues for appeal. This requirement inheres whether the court of common pleas takes evidence de novo or, as in this case, makes its determination based on the record developed during proceedings before the MHRO.
¶ 19 For the foregoing reasons, we are constrained to quash T.I.'s appeal.
¶ 20 Appeal QUASHED.
NOTES
[*] Retired Justice assigned to the Superior Court.
[1] Pa.R.C.P. 1038(d) which was cited in In re Wilson, was rescinded on October 19, 1983, effective January 1, 1984. See Rule 227.1 for post-trial relief following a trial without a jury.