J-S56042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KAREN L. BRIZZI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD J. HAINES, JR., | |
| Appellee | No. 306 MDA 2014 |

Appeal from the Order Entered February 6, 2014
in the Court of Common Pleas of Lancaster County
Civil Division at No.: CI-12-11384

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED NOVEMBER 18, 2014**

Appellant, Karen L. Brizzi (Wife), appeals *pro se* from the February 6, 2014 order finding her in contempt of a July 16, 2013 order for not paying property taxes on the residence located in Denver, Pennsylvania. We affirm.

The trial court summarized the procedural history of this case in pertinent part as follows:

> On August 13, 2012, [Wife] filed a complaint in divorce. On March 1, 2013, [Richard J. Haines, Jr. (Husband)] filed a petition for enforcement of pre-nuptial agreement and eviction of [Wife] from [Husband's] home. . . . [A] hearing took place on July 15, 2013, and the [c]ourt entered an order on July 16, 2013 denying [Husband's] petition.
>
> On September 6, 2013, [Husband] filed a petition for contempt and enforcement of the July 16, 2013 order. . . . After [a] hearing, the [c]ourt issued an order on September 25, 2013

_____

[*] Retired Senior Judge assigned to the Superior Court.

granting [Husband's] petition. On September 27, 2013, the [c]ourt denied the parties divorce without prejudice due to lack of proper service. On November 1, 2013, the parties divorce was granted.

On December 5, 2013, [Husband] filed a second petition for contempt and enforcement of the [c]ourt's July 16, 2013 and September 25, 2013 orders. . . . [T]he [c]ourt scheduled a hearing for January 27, 2014. On January 27, 2014, attorney for [Wife] withdrew his appearance and [Wife] entered her appearance to represent herself *pro se*. The hearing was attended by [Wife] without counsel and [Husband's] counsel and [Husband] via telephone.

(Trial Court Opinion, 4/22/14, at 2).

On February 6, 2014, the court granted in part and denied in part Husband's December 5, 2013 petition for contempt. Wife timely appealed on February 19, 2014.[1]

Wife raises the following question for our review:

How can [Wife] be held in contempt where the court has failed to meet the [s]tandard of [c]ontempt, by failing to make [its] requirements clear or making them a requirement in the original order, or providing that [Wife] did not show the intention to comply[?]

(Wife's Brief, at 5) (emphasis omitted).

Preliminarily, we note that, while Wife presents a single issue in her statement of the question involved, the argument section of her brief essentially argues that the trial court erred in three ways: (1) permitting the January 27, 2014 hearing to proceed when Husband was not physically

_____

[1] Pursuant to the trial court's March 3, 2014 order, Wife filed a Rule 1925(b) statement on March 17, 2014. The court entered its Rule 1925(a) opinion on April 22, 2014. *See* Pa.R.A.P. 1925.

- 2 -

present; (2) entering the February 6, 2014 order finding Wife in contempt of the July 16, 2013 order for failing to pay property taxes when the order did not direct her to pay the taxes; and (3) entering the September 25, 2013 order finding Wife in contempt of the July 16, 2013 order for not allowing Husband access to the garage to remove his personal belongings. (*See* Wife's Brief, at 5, 10-16).

Wife's brief fails to comply with Pennsylvania Rules of Appellate Procedure 2116(a) and 2119(a). Rule 2116(a) states in relevant part: " . . . No question will be considered unless it is stated in the statements of questions involved or is fairly suggested thereby. Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. . . ." Pa.R.A.P. 2116(a). Rule 2119(a) states: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed— the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

However, because we are able to discern the crux of Wife's argument on appeal, we decline to find waiver. *See* Pa.R.A.P. 2101 (authorizing quashal or dismissal where substantial briefing defects); *see also* ***Commonwealth v. Levy***, 83 A.2d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver where omissions do not impede review). Therefore, because Wife's issues are discernible from her argument, and the trial court

addressed all three of them, we will address Wife's claims on appeal as three issues.

"Until sanctions are actually imposed by the trial court, an order declaring a party to be in contempt is interlocutory and not appealable." ***Lachat v. Hinchcliffe***, 769 A.2d 481, 488 (Pa. Super. 2001) (citation omitted).

Here, the court's September 25, 2013 order includes a directive to Wife to "reimburse Husband $350.00 for costs incurred from the August 10, 2013 attempt to retrieve personal property . . . [and] $500.00 of Husband's reasonable attorney fees . . . ." (Order, 9/25/13, at 2). Similarly, the court's February 6, 2014 order directs Wife to "reimburse Husband $360.00 for a portion of Husband's reasonable attorney fees . . . ." (Order, 2/6/14, at 3).

Therefore, we conclude that the terms of the court's September 25, 2013 and February 6, 2014 orders explicitly impose sanctions and are final and appealable orders. ***See Lachat***, ***supra*** at 488 (concluding that contempt order that includes directive to make remedial payment for costs and/or attorney fees is final and appealable order for Pa.R.A.P. 341 purposes).

Our standard of review is well-settled: "[w]hen considering an appeal from an [o]rder holding a party in contempt for failure to comply with a court [o]rder, our scope of review is narrow: we will reverse only upon a

showing the court abused its discretion." ***Habjan v. Habjan***, 73 A.3d 630, 637 (Pa. Super. 2013) (citations and quotation marks omitted).

Further, we note this Court "must place great reliance upon the discretion of the trial judge." ***Id.*** (citations omitted).

Wife first argues that the trial court erred in permitting the January 27, 2014 hearing on Husband's petition for contempt to proceed where he was present by telephone. (***See*** Wife's Brief, at 10). This issue is waived.

"Issues not included in the [Rule 1925(b) statement] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925 (b)(4)(vii).

Here, Wife's claim that it was improper to proceed with the hearing in the absence of Husband's physical presence is not included in her Rule 1925(b) statement. (***See*** Wife's Concise Statement of Errors, 3/17/14, at 1..2-2..2 (*sic*)). Accordingly, Wife's first issue is waived. ***See*** Pa.R.A.P. 1925 (b)(4)(vii).

In her second issue, wife argues that the trial court erred in entering its February 6, 2014 order finding her in contempt of its July 16, 2013 order for failing to pay property taxes on the residence located in Denver, Pennsylvania. (***See*** Wife's Brief, at 10). We disagree.

> [I]n proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate, by [a] preponderance of the evidence that the defendant is in noncompliance with a court order. However, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt. . . .

To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

*Habjan*, *supra* at 637 (citation omitted).

Here, Wife claims that the July 16, 2013 order does not direct her to pay the property taxes and argues that she has no interest in the property. (*See* Wife's Brief, at 10; *see also* N.T. Hearing, 1/27/14, at 21-22). However, the record reflects that Wife admitted to not paying the taxes, (*see* N.T. Hearing, 1/27/14, at 21), even though the July 16, 2013 order states that "Wife through counsel agrees to pay the taxes on the property." (Order, 7/16/13, at 2 n.1). Moreover, the court found that:

[b]ecause [Wife] agreed to pay the property taxes of the [p]roperty and memorialized her agreement on the record and that agreement was incorporated into the [c]ourt's July 16, 2013 [o]rder in footnote one, [Wife] is in contempt of the July 16, 2013 [o]rder. . . . Furthermore, [Wife] did not provide a reason as to why she could not pay the property taxes on the [p]roperty[.] . . .

(Trial Ct. Op., at 8-9).

Therefore, we conclude that the court properly entered its February 6, 2014 order finding Wife in contempt of the July 16, 2013 order for failing to pay the property taxes as expressly agreed through counsel. *See Habjan*, *supra* at 637. Accordingly, Wife's second issue does not merit relief.

In her final issue, Wife argues that the trial court erred in entering its September 25, 2013 order finding her in contempt of its July 16, 2013 order

for not allowing Husband access to the garage to remove his personal belongings. (*See* Wife's Brief, at 10). The court lacks jurisdiction over this issue.

In the notice of appeal, Wife references only the February 6, 2014 order, not the September 25, 2013 order. (*See* Wife's Notice of Appeal, 2/19/14, at unnumbered page 1). Therefore, Wife has not appealed the September 25, 2013 order and it is not properly before us.

The court in its February 6, 2014 order stated "that Wife is not in contempt of the September 25, 2013 [o]rder" and issued new deadlines for the removal of Husband's personal property. (Order 2/06/14, at 2). Thus, the portion of the February 6, 2014 order that references the removal of Husband's personal property is interlocutory because the court did not find Wife in contempt or impose sanctions on Wife. *See Lachat*, *supra* at 488.

However, Wife argues that she is appealing the September 25, 2013 order finding her in contempt of the July 16, 2013 order for not allowing Husband access to the garage to remove his personal belongings. (*See* Wife's Brief, at 2, 6, 8, 10-16).

Moreover, an appeal "[e]xcept as otherwise prescribed by this rule . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This thirty day appeal period is to be strictly construed and "[t]his Court has no jurisdiction to excuse a failure to file a timely notice." *In re Greist*, 636 A.2d 193, 195 (Pa. Super. 1994) (citations omitted).

Here, Wife filed her notice of appeal on February 19, 2014, accordingly, even if the notice named the September 25, 2013 order, it would have been untimely. Therefore, we would lack jurisdiction for this reason as well.

Wife admits that her appeal is untimely, but baldly states that:

> My original appeal was filed on Tuesday October 15th 2013, within the 30 day period, and was receipted as such, along with the receipt for the money order to pay for the appeal however the documents were lost by the prothonotary's office, which they freely admit, but by the time this was brought to my attention on Wednesday October 30th the 30 day appeal window had closed[.]

(Wife's Brief, at 6). However, Wife has not provided any documentation to prove this claim; thus, this bald statement does not excuse her untimely notice of appeal. *See In re Greist*, *supra* at 195.

For all of the above reasons and based on our review of the record, we conclude that Wife has not properly appealed the September 25, 2013 order. *See* Pa.R.A.P. 903(a); *see also In re Greist*, *supra* at 195. Accordingly, Wife's third issue is not properly before this court and we lack jurisdiction to consider the merits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 8 -

Date: <u>11/18/2014</u>