J-A25040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GAIL FRANCES ROESHMAN F/[K]/A GAIL R. SELIG, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL B. SELIG, | |
| Appellant | No. 836 EDA 2014 |

Appeal from the Order March 13, 2014
in the Court of Common Pleas of Lehigh County
Civil Division at No.: 2006-FC-1268

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED DECEMBER 31, 2014**

Appellant, Michael B. Selig (Father), appeals *pro se* from the March 13, 2014 order denying and dismissing his January 24, 2014 petition for civil contempt.  We affirm.

The relevant procedural history is as follows.  On October 10, 2006, Appellee, Gail Frances Roeshman, formerly known as Gail R. Selig (Mother), filed a complaint in divorce, which was granted on September 6, 2013.  This case is a procedural quagmire, in part, because the parties have been in constant litigation since its inception in 2006 and have appealed to this Court five times.  The instant appeal pertains to an August 30, 2013

_____

[*] Retired Senior Judge assigned to the Superior Court.

property settlement agreement (Agreement), specifically as it relates to their children's accounts.

The Agreement specifies in pertinent part that:

(f) Children's Accounts. The parties acknowledge that all three children have reached the age of majority. The parties agree and confirm that any account that arose[,] during the marriage[,] in the name of a child has remained and shall continue to remain the sole personal property of that child, respectively. The parties agree[,] to the extent that it has not already been accomplished[,] any remaining account shall be transferred to the name of each respective child only and/or any parent's name on a child's account shall be removed.

(Agreement, 8/30/13, at 5 ¶ 5(f)).

On January 24, 2014, Father filed a petition for civil contempt. Father requested that the court direct Mother to prove that she transferred the custodial trust accounts pursuant to the Agreement or reimburse the children for the amounts listed in the accounts. (**See** Contempt Petition, 1/24/14, at 9 ¶ 2; N.T. Hearing, 3/10/14, at 7, 9, 17-18, 20-21).

The court denied and dismissed Father's petition, after a hearing, on March 13, 2014, for reasons stated on the record.[1] Father timely appealed on March 17, 2014.[2]

Father raises the following questions for our review:

---

[1] The order was dated March 10, 2014 but filed on March 13, 2014; therefore, we will refer to it by the filed date.

[2] The trial court did not order Father to file a Rule 1925(b) statement. The court entered its Rule 1925(a) opinion on March 26, 2014 referencing the order dated March 10, 2014. **See** Pa.R.A.P. 1925.

1.    Was there civil contempt, breach of contract[,] and disobedience of the postnuptial property settlement agreement?

2.    Was there civil contempt, disobedience of the February 5, 2007 order?

3.    Did the trial court err in dismissing the matters?

(Father's Brief, at 8) (capitalization and emphasis omitted).

Preliminarily, "[w]e note that an order denying a petition for civil contempt is immediately appealable." *MacDougall v. MacDougall*, 49 A.3d 890, 892 n.2 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1282 (Pa. 2013) (citation omitted).

> Our standard of review from an order denying a petition for civil contempt is as follows.  This Court will reverse a trial court's order denying a civil contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason.  In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order.  To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent.

*Id.* at 892 (citations omitted).

Further, we note this Court "must place great reliance upon the discretion of the trial judge." *Habjan v. Habjan*, 73 A.3d 630, 637 (Pa. Super. 2013) (citations omitted).

Father first argues that the trial court erred in "[holding] [Mother] harmless and without responsibility to provide definitive proof of transfers of

[the] monies" in the children's accounts. (Father's Brief, at 21). We disagree.

The court found that: "[Father] must prove that [Mother is] in contempt. . . . And [Father] ha[s] not proven that [Mother] didn't transfer [the money]. . . . Based on how it's postured here . . . [t]here's no proof." (N.T. Hearing, 3/10/14, at 23-24).

We agree with the trial court. The record reflects that Father has failed to support his claim that "no transfer[s] . . . took place . . . to each child . . . [and] no evidence or issuance of a [s]atisfaction of [a]ward [was] submitted." (Father's Brief, at 20; *see also* N.T. Hearing, 3/10/14, at 10-24). Moreover, there is no provision in the Agreement requiring Mother to provide documentation to Father that the transfers occurred. (*See* Agreement, 8/30/13). Therefore, Mother cannot be found in contempt for not providing proof of the transfers.

Accordingly, we conclude that the trial court properly entered its March 13, 2014 order denying and dismissing Father's petition. *See MacDougall*, *supra* at 892. Father's first issue does not merit relief.

In his second issue, Father argues that the trial court erred in not finding Mother in contempt of the February 5, 2007 order and "not protecting [his] marital asset or the heliport permit . . . ." (Father's Brief, at 23). This issue is not properly before this Court.

Our review of the record reflects that Father filed a petition for special relief on February 5, 2007. (*See* Petition for Special Relief, 2/05/07). On

February 13, 2007, the trial court, after a hearing, entered the parties' stipulated agreement as an order.[3] The agreement included a provision that Father would not use a specified marital asset as a heliport during the litigation. (**See** Order, 2/13/07, at unnumbered page 4). On May 31, 2013, Father filed a petition for contempt of the February 13, 2007 order. The trial court denied Father's petition on June 20, 2013, after argument.

In the notice of appeal, Father references only the March 13, 2014 order, not the June 20, 2013 order. (**See** Father's Notice of Appeal, 3/17/14, at unnumbered page 1). Therefore, Father has not appealed the June 20, 2013 order and his second issue is not properly before us.

Moreover, an appeal "[e]xcept as otherwise prescribed by this rule . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This thirty day appeal period is to be strictly construed and "[t]his Court has no jurisdiction to excuse a failure to file a timely notice." **In re Greist**, 636 A.2d 193, 195 (Pa. Super. 1994) (citations omitted). Therefore, even if Father has included the June 20, 2013 order in his notice of appeal, it would be untimely and we would lack jurisdiction. **See id.**

For all of the above reasons and based on our review of the record, we conclude that Father has not properly appealed the June 20, 2013 order.

---

[3] The order was dated February 5, 2007 but filed on February 13, 2007; therefore, we will refer to it by the filed date.

***See*** Pa.R.A.P. 903(a); ***see also In re Greist***, ***supra*** at 195. Accordingly, Father's second issue is not properly before this Court and we lack jurisdiction to consider the merits.

Father argues in his final issue that the trial judge was "unable to remain impartial[,]" (Father's Brief, at 27), and thus, the court erred in "dismissing . . . [his] contempt petitions[,]" (***Id.*** at 28). However, because we have concluded that the trial court properly denied and dismissed Father's January 24, 2014 contempt petition, his final issue must fail.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/31/2014</u>