J-S68043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.J.W., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| M.L.M., | : | |
| | : | |
| Appellant | : | No. 593 WDA 2016 |

Appeal from the Order Entered December 22, 2016,
in the Court of Common Pleas of Mercer County,
Domestic Relations at No(s): 584 of 2015 DR

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED NOVEMBER 9, 2016**

M.L.M. (Mother) appeals from an order setting her monthly child support obligation.  Upon review, we remand for proceedings consistent with this memorandum.

Mother and J.J.W. (Father) are the natural parents of A.L.M. (Child) who was born in 2002.  Child resides with Father in Mercer, Pennsylvania. Mother resides in Ohio.  On November 3, 2015, Father filed a complaint for support in the Court of Common Pleas of Mercer County, Pennsylvania.  On November 4, 2015, the trial court entered an order requiring both Mother and Father to appear for a support conference on December 15, 2015.  That order stated that if a party fails to appear, "the court may issue … an interim support order." Order, 11/4/2015.  Father appeared for the conference, but Mother did not.  On December 21, 2015, the hearing officer filed a summary

_____
*Retired Senior Judge assigned to the Superior Court.

recommending that Mother pay $458.68 per month in child support effective November 2, 2015.  In an order dated December 21, 2015, and filed on December 22, 2015, the trial court entered a "final" order of court with respect to this support obligation. Order, 12/22/2015.[1]  That order included a notice that either party has a right to file a request for a *de novo* hearing by January 11, 2016.

On January 13, 2016, Mother *pro se* filed a document entitled "Motion to Strike Order, to Reconsider Order, or in the Alternative, a Demand for a *De Novo* Hearing." Motion, 1/13/2016.  Mother claimed that she "recently learned" that a support order was entered. ***Id***. at ¶ 5.  Mother further argued that "she did not receive any notice that a complaint for support had been filed or a support order entered." ***Id***. at ¶ 6 (unnecessary capitalization omitted).  On January 19, 2016, the docket contains an entry stating "Final Order - Non-Agreement."  The certified record does not contain an order dated January 19, 2016, and upon inquiry to the Clerk of Court Records of Mercer County, this Court was informed that the January 19, 2016 docket entry refers to the December 22, 2015 order.

On February 18, 2016, counsel entered his appearance on Mother's behalf and filed a notice of appeal.  The trial court did not order Mother to

---

[1] The docket entries for this action reveal that on December 22, 2015, an order entitled "Interim Order In Effect (Conference Order)" was entered on the docket.  However, the order that appears in the certified record has the "Final Order" box checked, rather than the "Interim Order" box.  As discussed *infra*, the order entered on December 22, 2015 was, at that juncture, an interim order.

file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, but the trial court filed a statement in lieu of opinion stating that it "is relying on the record as it stands in the above matter." Order, 5/11/2016.

On appeal, Mother argues that the trial court deprived her "of due process by failing to give [her] notice of the proceedings." Mother's Brief at 8.[2]

Before we reach the merits of this appeal, we must consider whether we have jurisdiction to entertain it. Pennsylvania Rule of Appellate Procedure 903 provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "The 30-day period must be construed strictly. This Court has no jurisdiction to excuse a failure to file a timely notice." *In re Greist*, 636 A.2d 193, 195 (Pa. Super. 1994) (internal quotation marks and citations omitted).

Instantly, the notice of appeal was filed on February 18, 2016 from an order entered on either December 22, 2015 or January 19, 2016. In either event, Mother has called into question the propriety of the entry of the December 22, 2015 order. That order is governed by Pa.R.C.P. 1910.12(b)(2), which provides the following.

---

[2] Father has elected not to file a brief in this matter to "honor a personal request." Letter to Superior Court, 8/26/2016.

> If either party, **having been properly served**, fails to attend the conference, the court may enter an interim order calculated in accordance with the guidelines…. Within twenty days after the date of receipt or the date of mailing of the interim order, whichever occurs first, either party may demand a hearing before a hearing officer. **If no hearing is requested, the order shall become final.**

Pa.R.C.P. 1910.12(b)(2) (emphasis added).

Thus, to determine whether the December 22, 2015 order took effect, we must determine whether Mother was "properly served." **Id**. There is no question that Mother did not appear at the December 15, 2015 support conference. However, the trial court never made a determination in regard to the propriety of service upon Mother, and the record before us provides no information that enables us to review it.

Thus, we remand to the trial court to conduct proceedings for the limited purpose of determining whether Mother was served properly with the November 3, 2015 complaint, the November 4, 2015 order scheduling the conference, and the December 22, 2015 interim child support order. If the trial court determines Mother was "properly served," then the December 22, 2015 order became a final order when she failed to file timely a request for a hearing. Thus, this appeal would be untimely-filed and Mother is not entitled to relief.

On the other hand, if Mother was not properly served, then the December 22, 2015 order shall be stricken from the record, and a new conference shall be scheduled pursuant to Pa.R.C.P. 1910.11.

- 4 -

Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2016