J-S90032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL OSEI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUGARHOUSE CASINO, ALEXIS R. KROLL, WENDY HAMILTON, TONI DILACQUA | |
| Appellees | No. 919 EDA 2016 |

Appeal from the Order Entered February 19, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2664 June Term 2015

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 02, 2016**

Michael Osei ("Appellant") appeals from an order entered February 19, 2016 by the Philadelphia County Court of Common Pleas denying Appellant's Motion for *Nunc Pro Tunc* Appeal and *Nunc Pro Tunc* Order Modification. After careful review, we quash this untimely appeal.

This matter stems from Appellant's amorous pursuit of Alexis Kroll, a cocktail waitress at Sugarhouse Casino, which resulted in the State Police bringing summary criminal harassment charges against Appellant.  Ms. Kroll did not receive a subpoena notifying her of the date and time of Appellant's harassment hearing, however, and so she did not appear to testify.  As a result, the Philadelphia Municipal Court dismissed the case.

Thereafter, acting *pro se*, Appellant brought the instant action in which he claimed, *inter alia*, that because the Municipal Court dismissed the harassment charges, he is entitled to defense attorney's fees[1] and the return of tips he gave to Ms. Kroll. On May 21, 2015, following a hearing, the Municipal Court entered judgment in favor of Appellees. The trial court summarized the further relevant procedural posture of this matter as follows:

> On June 19, 2015, [Appellant] filed an appeal to [the trial court] from the Municipal Court judgment entered in favor of [Sugarhouse Casino, Alexis Kroll, Wendy Hamilton, and Toni Dilacqua (collectively "Appellees")] and subsequently filed a Complaint on July 17, 2015. On August 6, 2015, [Appellees] filed Preliminary Objections to the Complaint, which [the trial court] sustained without prejudice for [Appellant] to file a properly pleaded Amended Complaint. On October 16, 2015, [Appellant] filed an Amended Complaint to which [Appellees] filed Preliminary Objections on November 9, 2015. On December 7, 2015, [the trial court] sustained [Appellees'] Preliminary Objections and dismissed the amended Complaint with prejudice. On January 21, 2016, [Appellant] filed an untimely Motion for Reconsideration[,] which this [c]ourt denied on January 22, 2016. On January 26, 2016, [Appellant] filed an untimely Notice of Appeal to the Superior Court.[2] On January 25, 2016, [Appellant] filed a Motion for *Nunc Pro Tunc* Appeal

---

[1] Appellant was represented by counsel during the prosecution of the harassment charges. He claims $3,500.00 of attorney's fees.

[2] This Court addressed Appellant's appeal from the December 7, 2015 order sustaining Appellees' preliminary objections and dismissing Appellant's amended complaint with prejudice at 394 EDA 2016. By dispositional order filed April 1, 2016, this Court quashed Appellant's appeal as untimely. **See** Dispositional Order filed April 1, 2016, ***Osei v. Sugarhouse Casino, et al.***, 394 EDA 2016.

and *Nunc Pro Tunc* Order Modification, to which [Appellees] filed their opposition on February 16, 2016, and [the trial court] denied the motion on February 19, 2016.[3] On March 22, 2016, [Appellant] filed an untimely Notice of Appeal to the Superior Court.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed May 20, 2016, at pp. 1-2

(internal footnotes omitted).

Appellant raises the following two issues for our review:

1. WHETHER, the Trial Court erred and abused its discretion denying Appellant's (substituted) amalgamated motion for *nunc pro tunc* relief to appeal the order entered on December 8, 2015, and motion for *nunc pro tunc* order despite supporting evidence(s) showing cause for delayed appeal for about 18 days, as well as the trial Court's failure to do the following:

    (i) without allowing Appellant to reply to Appellees' response against the *nunc pro tunc* motions demanding certain specifics;

    (ii) without holding any evidentiary hearing;

    (iii) without articulating any reason, explanation, grounds, analysis, *findings of facts*, and *conclusions of law* on the face of both the trial Court's order and section 1925 opinion denying the nunc pro tunc reliefs.

2. WHETHER, Strong Public Policy and the demands of justice requires this Court to look beyond form to set aside procedural rules and grant nunc pro tunc reliefs in the interests of justice for Appellant.

Appellant's Brief, pp. 3-4 (verbatim).

_____

[3] The order denying Appellant's motion is actually dated February 18, 2016. However, the prothonotary docketed the order and provided Appellant with notice on February 19, 2016. Accordingly, we view the 19th as the operative date of the motion. ***See*** Pa.R.C.P. 236.

Pennsylvania Rule of Appellate Procedure 903 provides, in relevant part, as follows:

**Rule 903. Time for Appeal**

**(a) General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903. Rule 903's 30-day period must be strictly construed, and this Court has no jurisdiction to excuse a failure to file a timely notice. ***In re Greist***, 636 A.2d 193, 195 (Pa.Super.1994). "Generally, an untimely appeal divests this [C]ourt of jurisdiction." ***Brown v. Brown***, 641 A.2d 610, 611 (Pa.Super.1994).

Here, the prothonotary entered the trial court's order denying Appellant's Motion for *Nunc Pro Tunc* Appeal and *Nunc Pro Tunc* Order Modification on the docket and provided Appellant with notice on February 19, 2016. The thirtieth day thereafter was March 20, 2016, a Sunday. Accordingly, Appellant had until Monday March 21, 2016 to timely file his notice of appeal. ***See*** Pa.R.A.P. 903; ***see also*** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"). Appellant filed his notice of appeal March 22, 2016, one day late. As a result, we lack jurisdiction over this appeal. ***See In re Greist***, ***supra***.

Appeal quashed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/2/2016</u>